CHENEY and wife, Executors, Respondents, vs. PLUMB and others, Appellants.

*April 11 — May 5, 1891.*

*Construction of will: Residuary legacy.*

A holographic will, written by an illiterate woman, seventy-nine years of age, in the following terms, viz. : "I want to have the First Baptist Church in B. have $200. . . . When I have done with my property, I want C. and his wife to pay all my debts and collect my dues, and dispose of my things as they think best, only I want S. A. W. to have my silver spoons that are marked 'S. A. W.,' and those marked 'S. A. S.' I want to give to H. S., daughter of M. S. . . . If C. H. remains with us I want her to have one of my feather-beds and bedding to go with it; and also $100, to be given to my sister P. if then living; and the remainder to keep and dispose of as they think best," shows on its face that the testatrix intended thereby to dispose of her whole estate, and operates to give the whole of such estate, subject to the payment of debts and legacies, to C. and wife, to hold the same absolutely.

APPEAL from the Circuit Court for *Green Lake* County. This is an action for the construction of a will, the terms of which are stated in the opinion. Some of the next of kin to the deceased seek to obtain distributive shares of her estate, claiming that the will does not dispose of the whole thereof. From a judgment that such will did dispose of the whole of the estate, and give the remainder, after the payment of debts, legacies, and expenses, to *Cheney* and wife as residuary legacies and devisees, the next of kin appeal.

For the appellants there were briefs by *C. W. Felker* and *F. C. Stewart*, and *Potter & Potter*, and oral argument by *F. C. Stewart*. They took the ground that the language of the will shows an intent to create a trust in C. and his wife, with power to dispose of the property,— not to give it to them. They take the property as executors and trustees.

The beneficiaries of the trust not being clearly defined, the trustees hold the property for the benefit of the heirs or next of kin. 1 Jarman, Wills, 678, 680; Perry, Trusts, sec. 155; *Fowler v. Garlike,* 1 Russ. & M. 232; *Buckle v. Bristow,* 10 Jur. (N. S.), 1095; *Gibbs v. Rumsey,* 2 Ves. & B. 294.

For the respondents there was a brief by *Gary & Forward* and *John J. Wood,* and oral argument by *Geo. Gary* and *Mr. Wood.*

COLE, C. J. To our minds, the meaning of the will in question presents no difficulty, and we think the learned circuit court gave it the right construction. That court held that the testatrix intended to dispose of and did dispose of her whole estate, and that she gave the plaintiffs *John R. Cheney* and wife the residue and remainder of her estate as their own property. Ingenious and specious objections can, of course, be suggested to this interpretation of the will, but they appear to us more plausible than sound.

It seems the estate of the testatrix amounted to nine or ten thousand dollars, consisting principally of securities and household or personal effects. The real estate amounted to about $1,000. The balance was personal estate. The will was written by the testatrix herself, an illiterate old lady, seventy-nine years of age, a little more than two months before she died. She left no husband nor issue, and her next of kin surviving was a sister, living in Oswego county, N. Y., and several nieces and nephews. It surely would not be expected that a will prepared by such a person would be expressed in technical, or even in accurate, language, and this will is not. It is very informal, and is not expressed according to the rules observed in drawing such instruments by persons familiar in preparing such writings. Still there is no difficulty in arriving at the intention of the testatrix; and that must govern in its construction, as is conceded by all parties.

In the first place, the testatrix says: " I want to have the First Baptist Church in Berlin have two hundred dollars;" and she then proceeds: " When I have done with my property, I want John R. Cheney and his wife to pay all my debts and collect my dues, and dispose of my things as they think best, only I want Sarah A. Williams to have my silver spoons that are marked ' S. A. W.,' and those marked ' S. A. S.' I want to give to Hattie Stevens, daughter of 'Mrs. Maria Stevens. . . . If Clara Hinderman remains with us, I want her to have one of my feather-beds and bedding to go with it; and also one hundred dollars to be given to my sister Plumb, if then living; and *the remainder to keep and dispose of as they think best."*

Now it is said that there are no words of gift in the will, and that the language used merely had the effect of constituting *Cheney* and wife executor and executrix of the will, with the duty of paying the debts of the testatrix, collecting the money due the estate, and of paying the specific legacies, holding the remainder of the estate for the heirs at law. It seems to us that such a construction of the will is utterly inadmissible, and should not be adopted. Upon the face of the will itself, the idea that the testatrix only intended to dispose of $300 of her estate and two sets of silver spoons and a feather-bed, leaving the great bulk of her estate undisposed of, seems, as the counsel for the plaintiff says, quite absurd, and, though the testatrix expressed her intention in inartificial language, still it is clear she intended to dispose of her entire estate. It is evident the testatrix had her whole estate in mind, and intended to provide what she wanted done with her " property " when she should be done with it. So she makes some specific provision for the disposition of a small part of her household effects and money. After taking out these things, and paying the specific legacies mentioned, *Cheney* and wife were to keep and dispose of the remainder as they

think best; that is, they were to keep or hold and dispose of the remainder as their own property.

It is said the words, " the remainder to keep and dispose of as they think best," are not apt words to give an absolute estate to *Cheney* and wife, and that the meaning of the testatrix was that they should take charge of the estate, collect the securities, and, after fulfilling the specific directions, then to keep and hold the remainder for the benefit of the persons who would take under the statute in cases of intestate estates. As we have intimated, we do not think this is the true meaning of the will. According to our view, the testatrix made and intended to make a disposition of her entire estate. She intended to give such estate, subject to the payment of debts and legacies, to *Cheney* and wife absolutely; and this is apparent from the language used at the very commencement of the will. The testatrix, in effect, says: When I have done with my property, or when I am dead, I want *Cheney* and wife to have it, and to pay my debts and the legacies as I have provided, and hold and enjoy the residue or remainder, absolutely, as their own property. This, we think, is the meaning of the will and the intent of the testatrix, as gathered from the whole instrument. As argued by the plaintiffs' counsel, had the testatrix stopped when she said *Cheney* and wife were to keep the remainder, there could be no doubt that she intended they should receive and hold the remainder absolutely as their own; for the word " keep " is often used by the common people to express a gift. " To ' keep ' is simply to have by one at one's pleasure. The durability of having is the leading idea in the word." Crabb's Synonyms, words " Hold " and " Keep." Nor do we think the words, " and dispose of as they think best," qualify or cut down the interest in the estate given. Of course, if the remainder was given them absolutely, that would carry as an incident the *jus disponendi*, but an illiterate person might employ more

words than were necessary to express her intention. She might have supposed, even if the gift of the remainder were absolute, that there should be added a clause authorizing *Cheney* and wife to dispose of it at pleasure. At all events, we do not think these words should qualify and restrict what appears to have been intended as an absolute gift.

We have not found any decided cases which afford much light as to the proper construction of this will. Indeed, in respect to wills drawn by illiterate or inexperienced persons for themselves, it is difficult to apply any general rule; for, as plaintiffs' counsel observe, there is usually an individuality in the language and expressions of such wills which renders general rules inapplicable to them. The cardinal rule is to ascertain, if possible, the real intention of the testator, and carry it out, if consistent with law and good morals. In respect to this will, we think the circuit court placed upon it the right construction, and the judgment is therefore affirmed. The taxable costs in this court to be paid out of the estate.

*By the Court.*— Judgment affirmed.