MATILDA A. IRONSIDE (R. B. HAINES, Executor, Substituted) v. GEORGE A. IRONSIDE ET AL., Appellants.

**Wills:** CONSTRUCTION: FEE SIMPLE TITLE. Power to dispose of property is equivalent to the power to alienate or direct its ownership: So that where, as in this case, the testator gave to his wife

a life estate in certain property, not specifically described but easily ascertained, and then provided that the remainder of his estate, which had reference only to that property in which the life estate was created, should be at the absolute disposal of his wife, she took a fee simple title to the property.

**Same:** INTESTACY. Intestacy is an important matter to be considered in the construction of a will.

*Appeal from Buchanan District Court.*—HON. CHARLES E. RANSIER, Judge.

SATURDAY, MARCH 11, 1911.

ACTION to have the will of the deceased husband of Matilda A. Ironside so construed as to vest in her fee simple title to certain described real property and the personal property left by decedent. Pending the action plaintiff died, and her executor was substituted. The children of Matilda A. Ironside by her late husband were parties to the action. There was a decree for plaintiff sustaining the construction of the will contended for in the petition, and from judgment thereon defendants appeal.—*Affirmed.*

*Cook & Cook,* for appellants.

*John J. Ney* and *Springer & Smith,* for appellee.

McCLAIN, J.—By his will and codicils thereto, James Ironside devised to each of his four sons a farm with an accompanying tract of woodland, with the condition attached to each that the devisee should pay to the widow the sum of $1,000 to be secured by mortgage on the devised property. To each of his seven daughters he bequeathed $1,000, to be paid on or before three years after his death. The only provision for his wife was found in a clause of the will reading as follows:

'9th. I give and bequeath to my wife, Matilda Ironside, after the above mentioned bequests are made and all of my just debts are paid, all the residue of my property both personal and real of all kinds and wherever situated, to have and to hold during her lifetime, to manage and control without having to give bonds, and this is to be in lieu of her dower interest in my estate, for the benefit and support of herself and my two minor children, James Howard Ironside and Lillie Ironside, excepting the following described land which I give and devise as follows: (Here follow the devises of two farms to two sons.)

The remainder of the estate after these bequests are made shall be at my wife, Matilda Ironside's, disposal, but it is expressly provided that if any of my children mentioned in this will shall die before they come in possession of their bequest, it shall revert to the estate and shall be subject to the same conditions as the estate according to the terms mentioned in the will.

It is to be noticed that the two devises of farms to sons intervening between the first paragraph and the concluding paragraph of this ninth division of the will seem to have been inserted out of their proper connection for they are similar in purport to the devises to the other two sons which constitute paragraphs 1 and 2 of the will. No reason is suggested nor does any reason occur to us why these two devises thus included under division 9 should have other construction than would have been given them had they been included each in a separate division of the will, nor why their insertion in division 9 should in any way affect the construction of the first and last paragraphs of that division relating to the interest of the widow. We shall therefore proceed to construe the portions of the ninth division above quoted as though they constituted in themselves a separate division.

I. The circumstances as to decedent's property which may be taken into account in the interpretation of the will were shown to be as follows: Decedent at the time of the execution of the will owned five farms' each containing

about one hundred and sixty acres, save that at the time

1. WILLS:
construction:
fee simple
title.

the will was executed the farm bequeathed to George contained only one hundred and twenty acres, and was burdened with a smaller amount to be paid the widow than the amount required to be paid by the other three sons, respectively. Prior to his death, however, decedent had acquired an additional forty-acre tract which he included in the deed subsequently made to George at the same time the deeds were made to the other sons in the execution of the provisions of the will as hereinafter referred to; and the result was that each of the sons received a farm of one hundred and sixty acres with a small tract of woodland. As to the remaining farm which constituted the homestead and as to personal estate otherwise than the bequests to the daughters of $1,000 each, no disposition was made save as found in the ninth division of the will above quoted. The court construed the first paragraph of the ninth division of the will as creating in the widow a life estate in the homestead farm and in the personal property, in lieu of dower and burdened with the support of the minor children; but he construed the last paragraph of that division which provides that "the remainder of the estate . . . shall be at my wife's . . . disposal" as vesting a fee simple title in such remainder in his wife with the result that neither sons nor daughters had any interest therein, save as they might become heirs or devisees of their mother.

As against the construction which the court placed upon the will, the contention for appellants is that the first paragraph of division 9 plainly gives to the widow only a life estate, and that the concluding paragraph of that division does not enlarge such estate, but, if it amounts to anything as to the widow's interest, adds to her life estate a power of disposal, which not having been exercised leaves the property real and personal in which

such life estate was created to be inherited by sons and daughters alike as heirs of their father.

It seems to be conceded on both sides that the "remainder" referred to in the last paragraph of the ninth division is the remainder over and above the life estate given to the wife in the first paragraph of that division. Therefore the question of interpretation hinges solely on the meaning to be given to the provision that such remainder "shall be at my wife's . . . disposal."

Now, it seems to us that to place property or an interest in property absolutely and without qualification at a person's disposal, with the intention that the owner himself shall have no further right therein and exercise no further authority with reference thereto, is to pass an absolute title to such property or right thus referred to. The power to "dispose of" is equivalent according to Webster's New International Dictionary to the power "to pass over into the control of some one else, as by selling; to alienate; to part with; to relinquish; to get rid of;" and one to whom such power over property is given with no reservation of title or interest to the donor must certainly have a fee simple right to whatever property or interest is thus transferred to him for disposition. According to Black's Law Dictionary (2d Ed.) the word "dispose" is "called a word of large extent," and the power to dispose is equivalent "to the power to alienate or direct the ownership of property." In a will the absolute power of disposal of property described without limitation imports a fee simple title in the person to whom such absolute power of disposal is given. *Jackson v. Babcock*, 12 Johns. (N. Y.) 389; *Cheney v. Plumb*, 79 Wis. 602 (48 N. W. 668); *Shermer v. Shermer's Ex'rs*, 1 Wash. (Va.) 266 (1 Am. Dec. 460); *Miller v. Potterfield*, 86 Va. 876 (11 S. E. 486, 19 Am. St. Rep. 919). If the power of disposal of property in which the widow is given a life estate is conferred upon her with remainder over to others in such portion of the

property as may not be disposed of at her death, then, as we have frequently held, the life estate is not enlarged into a fee, but the remainder over is valid in such property as she may not have thus disposed of. *Podaril v. Clark*, 118 Iowa, 264; *Steiff v. Seibert*, 128 Iowa, 746. But we have held, on the other hand, that where the absolute right to use and dispose of property is given to the wife she takes a fee, although there is a subsequent provision that the property not thus disposed of during her life shall be distributed to others. *Luckey v. McCray*, 125 Iowa, 691; *Simpkins v. Bales*, 123 Iowa, 62; *In re Barrett's Will*, 111 Iowa, 570; *In re Weien's Will*, 139 Iowa, 657. And to the same effect see *May v. Joynes*, 20 Grat. (Va.) 692. If in the will before us testator, after giving a life estate to his wife, had directed in the last clause above quoted that the property in which such life estate was given should be at his wife's disposal for her benefit and the support of herself and two minor children, then it would be clear that his intention was to create a life estate with an added power of disposal, and under cases already cited the remainder in the property not thus disposed of would descend to the heirs. On the contrary, he specifically provided for a life estate in certain property, not specifically described but easily ascertained, to be enjoyed by his wife; and then he provided that the remainder in that property (for the word "remainder" can not possibly refer to any other property than that in which the life estate had been created) should be at the absolute disposal of his wife. That testator thus in effect provided for a fee simple title in his wife seems to us to be beyond question. The will was drawn by one who attempted to use legal phraseology, and, whether or not he used such phraseology with skill and judgment, we must assume that the testator intended that the words used should have their legal meaning. The word "remainder" is not to be construed as equivalent to the word "residue" in its pop-

ular sense, for in that sense there was no residue. The will covers all the property of which testator died seised unless in accordance with appellants' contention the remainder after the life estate not disposed of by the widow prior to her death was intestate property subject to distribution. We think this was not the intention of the testator. The will, in effect, gives to the widow a life estate in the home place. But the home place is not specifically mentioned, and the first paragraph of the ninth division of the will creates a life estate in any and all property of which testator died seised not otherwise disposed of, whether real or personal. As she had the use of this property during her lifetime, the only additional power with reference thereto which could exist in any one prior to the widow's death was the power of disposal.

This also he gave to his widow, and, as thus construed, the will prevents intestacy which is a result to

2. SAME: intestacy. be borne in mind in the construction of wills. *Ross v. Ayrhart,* 138 Iowa, 117; *Busby v. Busby,* 137 Iowa, 57; *Shafer v. Tereso,* 133 Iowa, 342; *In re Weien's Will,* 139 Iowa, 657.

II. After the execution of the will and codicils, the testator conveyed to his four sons the four farms which were devised to them by the terms of the will, requiring the execution by them of mortgages for the payment of $1,000 each to their mother, and he paid to each of the daughters $1,000 requiring the execution by each of a receipt stating that the amount was in full of all interest in his estate. There is testimony tending to show that his wife before joining in the conveyance to the sons protested that she would not have sufficient property left, and that she was then assured by her husband that the property remaining if distributed by her on her death to her daughters would constitute for each a substantial provision, and that the sons would get nothing more. Before the widow's death, she executed a will distributing the bulk

of her estate among her daughters. It is the contention for appellee that irrespective of the construction of the terms of the will this arrangement created an estoppel in favor of the wife which would be binding on the sons as devisees of their father. We recognize much force in this view, but as it was not made the basis of decision by the lower court, and its adoption is not necessary in sustaining the conclusion reached, we need not further elaborate it.

The decree of trial court is *affirmed*.