BAUTZ et al., appellants, *v.* KUHWORTH, respondent.

AGREEMENT FOR BUYING LAND —*how rescinded*—*purchase-money.* Neither the vendor nor vendee can rescind a written agreement for the purchase of land, if the buildings thereon, which were not the chief inducement to such purchase, are destroyed by fire, without any fault of the vendor. The vendee cannot recover the portion of the purchase-money which he paid the vendor on this agreement before the fire occurred.

*Appeal from the Third District, Lewis and Clarke County.*

BAUTZ AND HORSKEY commenced this action to recover $1,000, money had and received on an agreement. The court, WARREN, J., sustained Kuhworth's demurrer to the complaint and rendered judgment for defendant. The plaintiffs appealed.

The facts appear in the opinion.

CHUMASERO & CHADWICK, for appellants.

The complaint states facts sufficient to constitute a cause of action, and the court erred in sustaining the demurrer thereto. Hilliard on Vendors, 73 *et seq. ;* Sto. on Sales, §§ 423, 424, 448 ; 1 Sto. Eq., §§ 101, 102 ; Bouv. L. D. 465.

SHOBER & LOWRY, for respondent.

Appellants by the contract had the privilege of paying $5,500 May 3, 1869, and take the deed, or refusing to pay said sum and let the $1,000 go as stipulated damages. The appellants chose the latter and cannot recover what they have paid for the privilege of doing what they have done in the premises. The court below properly sustained the demurrer. *Dakin* v. *Williams*, 11 Wend. 67 ; *Lester* v. *Jewell*, 1 Kern. 453 ; 2 Pars. on Cont. 232, 233 ; *Guzley* v. *Price*, 16 Johns. 267.

KNOWLES, J. The complaint in this cause presents the following facts as constituting plaintiffs' cause of action :

Appellants made an agreement with respondent on the 5th day of April, 1869, for the purchase of a certain lot,

together with the appurtenances thereto belonging, situate in the town of Helena.

In accordance with that agreement appellants paid respondent $1,000, and executed and delivered to J. H. Shober to be held as an escrow two promissory notes secured by a mortgage upon the premises for the sum of $6,500. Respondent made and executed a deed to said premises to appellants and delivered the same to the said Shober to be held as in escrow. The whole agreement was to be consummated on the 3d day of May, 1869. At that time appellants were to pay respondent $5,500 in addition to the $1,000 already paid. The deed was to be delivered to them, the mortgage and notes to be delivered to respondent. If the appellants failed to comply with their portion of the agreement they were to forfeit to respondent the $1,000 already paid, as liquidated damages. That appellants were to hold possession of the premises from the said 5th day of April until the said 3d day of May. Appellants were on the said 3d day of May willing and ready to pay the respondent the sum of $5,500, and in all respects to comply with the terms of their agreement. The buildings on said premises were worth the sum of $6,500. Respondent was unable to comply with his portion of the agreement, for the reason that on the 28th day of April these buildings were destroyed by fire, and respondent was unable to deliver the premises as they were on the day of agreement. Appellants claim judgment for the $1,000 paid respondent.

The respondent filed a general demurrer to the complaint, setting forth that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer. The appellants appeal to this court, assigning as error this ruling of the court below.

The question presented in this case is, could the appellants, when it became impossible for the respondent, without any fault of his, to deliver the premises with all the buildings thereon, as they were at the time of the agreement to them on the 5th day of May, rescind the agreement?

There is no allegation that the respondent could not con-

vey to them a good and valid title to the lot.    There is none
that the buildings were the chief inducement to the agree-
ment, and a prayer that the contract be rescinded for that
reason.    The appellants seem to have considered that the
destruction of these buildings entitled them to rescind the
contract.

If the buildings had been damaged without the fault of
respondent, to the extent of $5, so that he could not have
delivered the premises to appellants in the same condition
they were at the date of the agreement, in principle the
same reasons would exist for rescinding the agreement as
exists in this case.    If any other rule prevailed, the right
to rescind an agreement would depend upon the amount of
damages done the premises bargained for, and it would
devolve upon the court to decide when a sufficient amount
of damages had been done, premises bargained for, to war-
rant a contracting party to rescind the agreement.    We
have been unable to find any authority, and do not believe
that any exists, to the effect that where an appurtenance to
real estate, which was not the chief inducement to the pur-
chase of the same, has been damaged, or even destroyed,
without any fault of the vendor, so that he could not deliver
the premises on the day they were to be delivered to the
vendee in the same condition they were on the day the
agreement was made, the vendee would have the right to
rescind the agreement altogether.

Believing that such is not the law, we find no error in the
ruling of the court below.

It is true, if the premises were respondent's at the time
of the fire, the loss of the buildings would be his, and
the appellants might have their value deducted from the
amount they were to pay him for the premises; or, if the
buildings were the chief inducement for the purchase of
the premises, perhaps a court of equity would, for this
reason, order the agreement rescinded and canceled.    But
to allow a vendee to rescind an agreement for the purchase
of real estate, for a damage to an appurtenance thereto,
without any fault of the vendor, which could be compen-

sated for in money, would be going farther than we think we would be warranted. For the same reason we see no reason why the vendor might not rescind the agreement. He is without fault, and the obligations of an agreement are mutual; hence, if one could rescind, why not the other. Yet who doubts that the vendees in this case might have maintained an action for a specific performance of this agreement, had they performed, or offered to perform, their part of the agreement, and could have had the value of the building deducted from the amount to be paid for the premises.

These being the views of the court in this case, the judgment of the court below is affirmed.

*Exceptions overruled.*