KEMPTON v. STATE INS. CO.

62   83<br>99   731<br>62   83<br>107   745<br>d107 746<br>62   83<br>113   656<br>62   83<br>126   551

1. **Insurance:** PROVISION RESTRICTING SALE STRICTLY CONSTRUED. A provision in a policy of insurance which imposes a restriction upon the right of disposing of the insured property should be strictly construed against the insurer; and, to constitute a sale within the meaning of such a provision, the right to the property sold, and to the possession thereof, must pass from the vendor to the vendee. And where the insured entered into a contract to convey the property at a future day upon payment of the purchase money, but before the contract was consummated and possession given the property was destroyed by fire, *held* that the insured had not parted with his insurable interest, and that he could recover on the policy, notwithstanding a provision therein that the policy should be void in case of a sale made without the consent of the company.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 19.

THIS is an action upon a policy of insurance issued on the twenty-eighth day of November, 1877, for the term of five

years, to recover for losses by fire occasioned to the insured property on the twenty-third day of September, 1881.

The answer alleges that the policy contains a provision that, "if said property shall be sold, conveyed or encumbered, in whole or in part, whether by legal process, judicial decree, mortgage, voluntary transfer or otherwise,      *      *      * without the written consent of this company obtained, the policy shall in either event immediately thereafter cease and be null and void;" that the plaintiff, on the thirtieth day of March, 1881, executed and delivered a written instrument for the sale of said premises as follows: "Daniel Kempton agrees to sell his farm of seventy and fifty-five hundredths acres for $35 per acre      *      *      *      to George H. Warner, secretary, and for the American Emigrant company, of Hartford, Connecticut, and give possession of the same on or before November 1, 1881, but not before October 1, 1881, and agrees to deposit a good and sufficient warranty deed for said farm with Mr. C. E. Fuller, in the office of the Iowa Loan and Trust company, executed by said Kempton and Mary Jane Kempton, his wife, within a few days after signing this contract, to be delivered to said Warner as provided below. Geo. H. Warner, secretary of American Emigrant Company, agrees to pay the said Fuller the above stipulated price of $35 per acre, and lift the said deed in C. E. Fuller's hands, upon possession of farm being given by said Kempton, but not before October 1, 1881.      *      *      * Said farm and buildings are to be delivered by Kempton in as good condition as they are now in, the destruction by the elements excepted."

The petition further alleges that, on the twelfth day of October, 1881, the plaintiff, pursuant to said contract, executed to the American Emigrant company a warranty deed for said premises, and that, by reason of the facts stated, the policy was void at the time of the loss, and the plaintiff had no insurable interest in the property. A demurrer was filed

to this answer, which was sustained, and judgment was rendered for the plaintiff. The defendant appeals.

*Wright, Cummins & Wright,* for appellant.

*Harvey & Davis,* for appellee.

DAY, CH. J.—I. It is insisted that the execution and delivery of the written contract above referred to constituted a sale of the property within the meaning of the policy. That it did not constitute a sale within the meaning of the policy is established, so far as we have been able to discover, by an unbroken current of authority. In *Washington Fire Insurance Company v. Kelly,* 32 Md., 421, the policy contained a provision that, "if the property shall be sold or conveyed, or if the policy shall be assigned, without the consent of the company in writing thereon, then this policy shall be null and void." After contracting the insurance, the assured contracted in writing to sell the premises, and received a payment of $10,000. In determining the effect of this contract upon the policy, the court say: "The provision of the policy in the Washington Fire Insurance company against the sale or conveyance of the property insured, and against the assignment of the policy without the consent of the insurers, as it imposes a restriction upon the right of disposing of property, should be construed, as any other contract with like provision, with strictness, and nothing less than the absolute sale or conveyance of the property, with all the usual legal ingredients to constitute the transaction as such, or similar complete assignment of the policy, can be considered as sufficient to avoid the policy on that account. * * * . The proviso is a restriction of the sale or conveyance of the property insured, and, when the sale or conveyance is relied upon by the insurers to prevent the recovery for any loss by fire, the sale or conveyance must be made out full and complete. To constitute a sale within the meaning and terms of the proviso, the right to the property

sold, and to the possession thereof, must pass from the vendor to the vendee. The mere contract for the sale or conveyance, not divesting the title of the vendor and vesting the same in the vendee, is not a breach of the proviso. A contract to convey the buildings insured at a future day, on payment of the purchase money, and between the time of contract and its consummation, they are destroyed by fire, the vendor being in possession, it is not such an alienation as vacates the policy." To the same effect see the following authorities: *Hill v. The Cumberland Valley Mutual Protection Co.*, 59 Pa. St., 474; *Browning v. The Home Insurance Co.*, 71 N. Y., 508; Angell on Insurance, § 206; Wood on Insurance, § 329, and authorities cited; May on Insurance, § 267, and authorities cited. In our opinion, the contract in question does not avoid the policy.

II. It is insisted that plaintiff, after the execution of the contract, did not retain an insurable interest in the property. That this position is not tenable, see the following authorities: *Trumbull v. The Portage County Mutual Ins. Company*, 12 Ohio, 305; *Hill v. Cumberland Valley Mutual Prot. Co.*, 59 Pa. St., 474, and authorities cited; Wood on Insurance, § 330; Flanders on Insurance, pp. 385–6. *Insurance Company v. Updegraff*, 21 Pa. St., 513; *Lazarus v. The Commonwealth Insurance Co.*, 19 Pick., 81; *Perry County Insurance Company v. Stewart*, 19 Pa. St., 45. The judgment is

AFFIRMED.