W. S. SWANK v. FARMERS' INSURANCE COMPANY OF CEDAR RAPIDS, IOWA, Appellant.

**Insurance:** SALE OF PROPERTY: FORFEITURE OF POLICY. The conditions of an insurance policy which if violated render the same void, will be strictly construed and in cases of doubt will be resolved against the company, so that a contract of sale of the

property which will work a forfeiture under the provisions thereof must be one which is enforceable and not a mere option or dependent upon some contingency to give it vitality. In the instant case the contract is held unenforceable.

*Appeal from Appanoose District Court.*— Hon. Robert Sloan, Judge.

Friday, February 10, 1905.

Suit on a policy of fire insurance. There was a trial to the court, and a judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*Deacon & Good,* for appellant.

*Baker & Baker,* for appellee.

Sherwin, C. J.— The policy in suit was issued to the plaintiff on the 15th day of April, 1901, and the loss occurred on the 15th day of November of the same year. On the 3d day of October preceding the fire, the plaintiff, who was the owner of the insured property, and Elijah Hiatt, who was a prospective purchaser thereof, signed a written instrument, which, so far as it is material here, was as follows: "This agreement made and entered into this 3rd day of October, 1901, by and between W. S. Swank, party of the first part, and Elijah Hiatt, party of the second part, witnesseth: The party of the first part has this day sold to the party of the second part, the following described real estate, to-wit: * * * Possession to be given March 1st, 1902. For the consideration of nine thousand dollars ($9,000) to be paid as follows: $7,000 in cash, to be paid on or before March 1st, 1902, and the party of the first part agrees to take a second mortgage of two thousand ($2,000) dollars on the above described land, at six per cent. interest, due January 1st, 1905. Party of the second part agrees to make payments mentioned." The policy was conditioned that it

should be void if there was a contract " of sale or to sell " the insured property, " or if any change or diminution other than by death take place in the interest, title or possession " thereof.

The appellant contends that the written instrument executed by the parties was a valid contract " of sale or to sell " the insured property; that it changed or diminished the plaintiff's interest therein, and rendered the policy void. On the other hand, the appellee says that the writing in question was only a part of the negotiations for a sale of the property; that it was not delivered, acted upon, or effective until long after the fire; and that at the time of the loss the plaintiff retained and held the sole legal title to, and equitable interest in, the property.

If there was a valid and enforceable contract " of sale or to sell " the property, the policy became void by its express terms.    It is therefore necessary to determine the exact agreement the parties entered into with reference to the land and the insured buildings situated thereon.    Hiatt wanted to buy the plaintiff's farm, and they agreed on the price, $9,000, and on the times and terms of payment and possession.    But Hiatt only had $1,500 in money, and could not buy unless he could procure a loan of $5,500 on the farm. The plaintiff was advised of this, and it was agreed that Hiatt could have the farm if he could procure the loan, and that if he could not do so the deal would be at an end. Neither of the parties knew whether a loan of that amount could be procured, and they went to loan agents, who were also uncertain about the matter, but agreed to procure it if possible, and suggested that a written memorandum of the agreement between Swank and Hiatt be executed and left with them, and that a deed for the property be also made and left with them, for the purpose of showing title in the abstract that was to be used in procuring the loan.    The writing was then executed, and a deed prepared, which was executed by the plaintiff and his wife soon thereafter and

left with the loan brokers. The execution of the deed was undoubtedly a part of the same transaction, and the deed and the contract must be construed together. They were both left with the brokers under a distinct parol agreement that no change in the possession thereof was to be made without the consent of the plaintiff, and that unless the loan could be procured the transaction was of no validity. An abstract of the title was made and submitted to the parties from whom the loan was sought. Defects were found in the title, which could only be cured by an action to quiet title, and on the 11th day of November, 1901, such an action was brought, and in January thereafter a decree was entered quieting the title in Hiatt; the suit having been brought in his name, whether with the knowledge of the plaintiff does not appear. The fire occurred on the 15th day of November, 1901, and the loan was not obtained or the deed delivered to Hiatt until some time in February, 1902.

The foregoing facts were found by the trial court, and its finding has the force and effect of a verdict. With these facts established, we think there can be no doubt as to the validity of the policy at the time of the plaintiff's loss, and of the defendant's liability in this case. Conditions which may render a policy void if violated are to be construed strictly, and, if there be doubt as to their meaning, the insured is to have the benefit of such doubt. The condition rendering the policy void in case of a contract " of sale or to sell " must be construed to mean that a valid and enforceable contract shall have the effect stipulated, and, unless there was such a contract, there was no breach of the condition. Hiatt agreed to take the farm on the terms named, provided he could procure the necessary money by mortgaging it; and, if he could not so raise the money, he was under no obligation to the plaintiff which could be enforced either in law or in equity. The plaintiff, in effect, did no more than to give Hiatt an option to buy, which he might or might not exercise, and it could not become an enforceable

contract unless Hiatt secured the money by the proposed loan; and the loan was finally dependent on an action to quiet title, which was not determined until long after the fire. At the time of the plaintiff's loss, then, he had entered into no contract that could then be enforced, nor had there been any change or diminution in his interest in the property. He was in possession thereof, and entitled thereto, until the 1st day of March following, in any event. What equitable interest did Hiatt have in the property at the time of the fire? Manifestly none, for it was not then known whether he could raise the money to make the purchase; and, until he was able to say to the plaintiff that he could raise it, there was no acceptance of the contract on his part, nor any obligation on the part of the plaintiff. In other words, there was no binding contract before that time. If in the meantime a judgment had been rendered against the plaintiff, there can be no doubt that it would have been a lien on the land itself. The fact that the sale was completed long after the fire can make no difference with the legal principle involved. We are dealing with the legal and equitable rights of the parties at that particular time, and by these rights must the appellant's liability be determined. The conclusion here reached is supported by *Kempton v. Ins. Co.,* 62 Iowa, 83, and by *Pringle v. Ins. Co.,* 107 Iowa, 742; and see, also, *Erb v. Ins. Co.,* 98 Iowa, 607. And it is not, in our judgment, inconsistent with the holding in *Davidson v. Ins. Co.,* 71 Iowa, 532, when the facts of that case are clearly in mind. It was there held that there was a completed contract of sale, and the decree was based thereon. The reasoning of the case supports our conclusion here. Such was also the case of *Skinner & Sons v. Houghton,* 92 Md. 68 (48 Atl. Rep. 85; 84 Am. St. Rep. 485), and *Gibb v. Insurance Co.,* 59 Minn. 267 (61 N. W. Rep. 137; 50 Am. St. Rep. 405). As further sustaining the opinion generally, see *Arkansas Fire Ins. Co. v. Wilson,* 67 Ark. 552 (55 S. W. Rep. 933; 48 L. R. A. 510; 77 Am. St. Rep. 129); *Smith v. Ins. Co.,* 91

Cal. 323 (27 Pac. Rep. 738; 13 L. R. A. 475; 25 Am. St. Rep. 191).

The trial court's finding of facts is fully sustained by the record, and the judgment is *affirmed*.