D. P. O'Brien, Appellant, v. Dora Paulsen, Appellee.

VENDOR AND PURCHASER: Injury to Property After Contract of Sale.  A mutually obligatory, unconditional contract of sale of real estate, though payment, possession, and actual conveyance be postponed, constitutes the purchaser the equitable owner of the land, and such owner must bear an unavoidable and unlooked-for loss which overtakes the property prior to the day when possession is given.  So held where buildings were destroyed by lightning.

*Appeal from Crawford District Court.*—E. G. ALBERT, Judge.

FEBRUARY 7, 1922.

ACTION for damages for a loss by fire through lightning to buildings located on a farm which the defendant by written contract prior to the fire sold to the plaintiff and which farm was conveyed by deed to plaintiff subsequently to the fire. By agreement of parties the jury was waived and the cause tried to the court. Judgment was entered in favor of the defendant. Plaintiff appeals.—*Affirmed.*

*Conner & Powers,* for appellant.

*Sims & Kuehnle,* for appellee.

DE GRAFF, J.—On the 29th day of August 1916 the defendant entered into a written contract with the plaintiff for the sale of a certain parcel of real estate "together with all the appurtenances thereto belonging" situated in Crawford County, Iowa. The contract recites:

"Witnesseth, that the party of the first part has this day sold to the party of the second part, the following described property, to wit: * * * For which party of the second part agrees to pay the sum of $29,887.50 payable as follows: Cash in hand, five hundred dollars, receipt whereof is hereby acknowledged. Balance as follows: $2,500 on March 1, 1917, and on said date second party to have a deed for the premises and give first party a mortgage now on the land for $9,000, the second mortgage to run six years and draw interest at the rate of 5 per cent."

After the execution of this contract and before the date fixed (March 1, 1917) for the delivery of possession and deed, the barns, cattle sheds, and corncribs were destroyed by lightning. The vendor-defendant was seized in fee-simple title of the real estate and at the defined time under the contract executed a deed and delivered possession of the premises to the vendee. The vendee accepted the deed and entered into possession but refused to surrender the written contract claiming that the

vendor was liable to him in damages for the value of the property destroyed by fire.

This appeal presents but one question: Must the purchaser bear the loss and may he be required to complete the purchase and pay the agreed price in case of the accidental destruction of buildings under a contract of sale, when the contract is silent on the subject? Other questions subsidiary to this primary question suggest themselves under the facts of the instant case. Was there a completed contract of sale prior to the loss of the buildings? Who was the owner of the premises at the time of the loss? Was the contract mutually obligatory? Could either of the contracting parties upon the failure of the other enforce it by an action in specific performance?

If the vendee is the equitable owner of the estate from the date of the contract of sale then he must sustain the loss, if the value of the estate is diminished between the time of the agreement and the conveyance. This is the English rule. *Paine v. Meller*, 6 Ves. Jr. 349. In that case Lord Eldon said:

"For if the party by the contract has become in equity the owner of the premises, they are his to all intents and purposes. They are vendible as his, chargeable as his, capable of being incumbered as his; they may be devised as his; they may be assets; and they would descend to his heir."

This is the Iowa rule. *In re Estate of Miller*, 142 Iowa 563; *Davidson v. Hawkeye Ins. Co.*, 71 Iowa 532. The numerical weight of authority supports this view, and it is affirmed that though the possession was not to be delivered to the purchaser until a future day, and prior to such time a loss occurs, it is the nature of the purchaser's equitable title that casts the burden of the loss on him, and not the fact of possession. *Brewer v. Herbert*, 30 Md. 301 (96 Am. Dec. 582); *Williams v. Lilley*, 67 Conn. 50 (37 L. R. A. 150); *Taylor v. Porter*, 1 Dana (Ky.) 421 (25 Am. Dec. 155); *Cropper v. Brown*, 76 N. J. Eq. 406 (139 Am. St. 770); *Fouts v. Foudray*, 31 Okla. 221 (38 L. R. A. [N. S.] 251); *Peoples St. R. Co. v. Spencer*, 156 Pa. 85 (36 Am. St. 22); *McGinley v. Forrest*, (Neb.) 186 N. W. 74.

*A fortiori* this is true where the purchaser takes possession prior to the loss. *Sewell v. Underhill*, 197 N. Y. 168 (134 Am. St. 863, 18 Ann. Cas. 795); *Bautz v. Kuhworth*, 1 Mont. 133

(25 Am. Rep. 737). There are cases to the contrary, but the courts adopting a different rule predicate the theory on the ground of a partial failure of consideration or do not recognize in its entirety the equitable doctrine heretofore stated. See *Gould v. Murch*, 70 Me. 288 (35 Am. Rep. 325); *Phinizy v. Guernsey*, 111 Ga. 346 (78 Am. St. 207); *Huguenin v. Courtenay*, 21 S. C. 403 (53 Am. Rep. 688); *Wells v. Calnan*, 107 Mass. 514 (9 Am. Rep. 65); *Hawkes v. Kehoe*, 193 Mass. 419 (10 L. R. A. [N. S.] 125).

The application of the majority rule requires that the contract of sale shall have no conditions or contingencies therein that would render it unenforcible. The essential feature of the equitable title is that either party may appeal to equity for confirmation and enforcement. There must result an equitable conversion of the land and purchase money. The rule does not contemplate a mere option which is still pending and undetermined. The vendee must be in a position under the contract that he secures the entire benefit of a rise in the value of the land and of all subsequent improvements thereon, and if there should be a diminution in value the vendor has a lessened security. The instant contract recites that "the party of the first part has this day sold to the party of the second part" the real estate in question. These are words of present assurance and afford the presumption, although not conclusive, that an executed conveyance was intended. These words import a binding contract, then executed and consummated. By this language the title in equity passes from the date of contract, unless there is other language imposing conditions or contingencies which would prevent the operation of the rule.

Appellant does not contend for any condition or circumstance except the words which relate to liquidated damages in the event of a nonfulfillment of the terms of the contract. This provision reads:

"It is mutually agreed that the time is an essential element in this contract and it is further agreed that in case either of the parties hereto should fail to perform the stipulations of this contract, or any part of the same, shall pay the other party to this contract, the sum of $1,000 as damages for nonfulfillment of the contract."

This is not an alternative condition available as a substitute for nonperformance. Nor is it a limitation on the rights of either of the parties. This clause would not prevent the defendant from enforcing his right to specific performance nor does it convert the contract into a mere option giving to the obligor the right to relieve himself from the duty of specific performance by paying the liquidated damages. Either could have maintained an action at law to recover the stipulated damages in case of a breach on the part of the other party, but he was not bound to adopt that remedy. *Kettering v. Eastlack,* 130 Iowa 498, is controlling on this proposition.

The decisions relied upon by appellant may be differentiated from the case at bar. In *Nunngesser v. Hart,* 122 Iowa 647, a condition was recited that the title passed only in the event that the purchaser made certain payments. In *Swank v. Farmers' Ins. Co.,* 126 Iowa 547, the contract was conditioned upon the purchaser being able to negotiate a loan for a certain amount. In *Sheehy v. Scott,* 128 Iowa 551, the down payment was to be forfeited in case the purchaser did not complete the purchase. In *Mohr v. Joslin,* 162 Iowa 34, 35, there remained a condition for performance after depositing the deed in escrow.

No condition appears in the instant contract, and as we have seen the passing of the title in equity is not dependent upon a conveyance, nor the payment of the purchase money or any part thereof, nor is possession or delivery of possession a necessary incident. The vendee had an insurable interest, and it was his duty to protect that interest. The loss was not the result of the negligence of the vendor but was caused by an act of God. Had possession been in the vendee or had the deed been executed the identical loss would have occurred to the vendee. Looking to the contract itself it is clear from the language used that the intent of the parties was that equitable title and interest should pass from the date of its execution. Its terms are too positive and explicit to admit of doubt.

Other points noted in brief and argument are unavailing and not controlling. Holding as we do that the right of recovery does not exist under the terms of the contract, it is immaterial whether or not the act of the vendee in accepting deed and

possession constituted a waiver of his claim for damages. The judgment entered by the trial court is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.