R. W. KISER, Appellee, v. MORTON FARMERS MUTUAL INSURANCE ASSOCIATION, Appellant.

No. 41674.

JULY 18, 1933.

REHEARING DENIED OCTOBER 28, 1933.

Tinley, Mitchell, Ross & Mitchell, for appellant.

H. T. Pressly and Ferguson & Ferguson, for appellee.

DONEGAN, J.—On the 6th day of December, 1928, the defendant-appellant issued a policy of fire insurance upon the house situated upon an 83 acre farm then owned by the plaintiff-appellee in Page county, Iowa. Section IX of the by-laws of defendant-appellant, which, by the provisions of the policy, was made a part thereof, was as follows:

"Any person selling or transferring any real estate, his insurance policy on buildings on the real estate is automatically cancelled if either party does not give secretary of this association notice within five days after transfer of the property."

On the 10th day of September, 1929, the plaintiff-appellee entered into a written contract with one Forrest Lee whereby he agreed to sell and convey the said 83-acre farm, including the house thereon, to said Lee, for $12,000, and to deliver possession thereof on March 1, 1930. In said contract plaintiff-appellee further agreed to deliver to said Lee "full and peaceable possession of said real estate together with all appurtenances thereunto belonging, all in as good condition as at the present time, excepting only for natural use and depreciation." Said contract also provided for the payment of $2,000 of the purchase price in cash, $3,000 on March 1, 1931, and $7,000 on March 1, 1936. On the same day, to wit, September 10, 1929, said Kiser and his wife executed to said Lee a warranty deed covering the said farm, said Lee paid Kiser $2,000 in cash and executed and delivered to him one promissory note for $3,000, dated March 1, 1930, payable March 1, 1931, and another promissory note for $7,000, dated March 1, 1930, and payable March 1, 1936; both of said promissory notes were secured by a mortgage covering said farm, which was also executed by said Lee and wife to said R. W. Kiser. On the same day, the deed executed by Kiser was placed in the possession of Lee, the notes and mortgage securing same executed by Lee were placed in the possession of Kiser, and both the deed and mortgage were recorded in the office of the recorder of Page county, Iowa, with the knowledge and consent of both parties. On the 28th day of January, 1930, thereafter, the house on said farm was completely destroyed by fire.

Proofs of loss having been prepared and presented to the defendant-appellant by the plaintiff-appellee, and defendant-appellant having refused to pay the loss thus claimed, this action was commenced by the plaintiff-appellee in the district court of Page county, Iowa, to enforce payment of $3,000 from the defendant-appellant pursuant to the terms of the said policy of insurance. The defendant-appellant admitted the execution of the policy, and that the building insured was completely destroyed by fire, but denied all liability on said policy. As grounds for its denial, defendant-appellant alleged that, by the execution of the contract for the sale of the said farm, by the execution and delivery of the deed to said

farm, pursuant to the terms of the contract, by the acceptance of the sum of $2,000 cash and two promissory notes for $3,000 and $7,000, respectively, and the mortgage on said farm securing same, and by the recording of the said deed and mortgage, the plaintiff-appellee parted with all interest in said farm on said 10th day of September, 1929. Defendant-appellant further alleged that no notice of the said sale and transfer was given to it, as provided by section IX of its said by-laws, and that at the time of said fire on the 28th day of January, 1930, the plaintiff-appellee had no insurable interest in the said land or the house covered by said policy of insurance. Trial was had to a jury, a verdict returned in favor of the plaintiff, and from such verdict and judgment entered thereon the defendant appeals.

Appellant sets out sixteen assignments of error. These alleged errors may be divided into three general classes: Errors of the trial court in overruling appellant's motion for a directed verdict; errors of the trial court in refusing to submit instructions asked for by the appellant; and errors of the trial court in overruling appellant's objections to parol testimony offered by the appellee.

I. This is the second time this case has been before this court. In 213 Iowa 18, 237 N. W. 328, 330, this case was considered upon an appeal from a directed verdict in favor of the plaintiff and the judgment entry thereon. In that case, as in the appeal now before us, appellee had introduced oral testimony tending to show that, notwithstanding the execution and delivery of the deed, the acceptance of the cash and of the two notes and mortgage securing same by appellee, and the recording of both the deed and mortgage, it was the intention of both the appellee, as vendor, and of said Lee, as the purchaser, that neither said deed nor mortgage should become effective until the 1st day of March, 1930. The oral evidence as to these matters introduced by the appellee in that trial seems to have been practically the same as the oral evidence presented in the second trial, the appeal from which we are now considering. In discussing the question as to whether the deed given by the appellee to said Lee constituted an absolute and unconditional transfer of title, we said:

"It is a settled law that, to transfer title by warranty deed, two things are necessary: First, the physical delivery of the instrument; and, second, an existing intention at the time that title is to be transferred. In other words, two things are necessary to a legal

delivery of an instrument. We had a somewhat similar situation before us in Jones v. Betz, 203 Iowa 767, 210 N. W. 609, 213 N. W. 282, and we there said:

" 'It is also well settled that where a deed is signed, acknowledged, and recorded, it is presumed to have been properly delivered, but of course this presumption is a rebuttable one.'

"In that case we cited the Iowa authorities on this proposition.

"In the case at bar, it is conceded that the physical delivery of the deed was made. The question left, therefore, is whether there was an intention at the time of the physical delivery to pass title. This must be determined under the facts of the case. We start with the rebuttable presumption that there was a perfect and complete delivery because this deed was 'signed, acknowledged and recorded' within the rule above stated, and, in addition thereto, there was a physical delivery of the instrument. This raises a very strong presumption that there was an intention to pass a complete title, and the burden is on the insured to overcome this presumption. This makes a disputable fact which we conclude is for the jury to determine in the light of the facts and circumstances surrounding the parties at the time of the transaction."

In the former appeal, however, we held that, because there might be a question as to the credibility of witnesses, by reason of their interest in the determination of this particular question of intent to deliver, this, together with the other facts and circumstances in the case, made a jury question, and the trial court erred in directing a verdict for the plaintiff. In that case we also held that the rule preventing the introduction of parol evidence in connection with a written instrument applied only to disputes between the parties to the transaction and is not available to a third party. The parol evidence introduced in this case as to the intention of the appellee, Kiser, and the grantee, Lee, in connection with the execution of the deed, mortgage, and notes, the payment of the $2,000 cash, and the delivery and recording of the deed and mortgage, was properly admitted under the rule announced in the former appeal. The intention of the parties was an essential matter to be determined in reaching a decision as to the effect of the execution, delivery, and recording of the deed and mortgage, and the determination of such intention was within the province of the jury. There was no error on the part of the trial court in overruling the appellant's motion for a directed verdict.

In the former appeal, however, it was stated that:

"We still have the question of whether or not, in the making of the executory contract for the sale of this land, Kiser violated the inhibition of the aforesaid by-law."

This question was before this court in the case of Kempton v. State Insurance Company, 62 Iowa 83, 17 N. W. 194. In that case the owner carried a policy of insurance upon a building which was destroyed by fire. The policy contained a provision that:

"If said property shall be sold, conveyed, or incumbered, in whole or in part, whether by legal process, judicial decree, mortgage, voluntary transfer, or otherwise, * * * without the written consent of this company obtained, the policy shall, in either event, immediately thereafter cease, and be null and void."

The fire which destroyed the property occurred in September, 1881. In the March previous to that date the owner executed and delivered a written instrument of sale by which he agreed to sell the farm, including the building, to one Warner, and to give possession on or before November 1, 1881, but not before October 1, 1881, and agreed to deposit a warranty deed in the office of one Fuller within a few days after signing the contract, to be delivered to said Warner upon the payment of the purchase price as provided in the contract. The contract also provided that the farm and buildings were to be delivered in as good condition as they were in at the time of the execution of the contract. In the opinion in that case we said:

"It is insisted that the execution and delivery of the written contract above referred to constituted a sale of the property within the meaning of the policy. That it did not constitute a sale within the meaning of the policy is established, so far as we have been able to discover, by an unbroken current of authority."

In support of our opinion we quoted from the opinion in the case of Washington Fire Insurance Company v. Kelly, 32 Md. 421, 3 Am. Rep. 149, wherein it is said:

"To constitute a sale, within the meaning and terms of the proviso, the right to the property sold and to the possession thereof, must pass from the vendor to the vendee. The mere contract for the sale or conveyance, not divesting the title of the vendor and

vesting the same in the vendee, is not a breach of the proviso. A contract to convey the buildings insured at a future day, on payment of the purchase money, and between the time of contract and its consummation, they are destroyed by fire, the vendor being in possession, it is not such an alienation as vacates the policy."

In the case of Ayres v. Hartford Fire Insurance Company, 17 Iowa 176, 85 Am. Dec. 553, we said:

"The object of the insurance company, by this clause, is that the interest shall not change so that the assured shall have a greater temptation or motive to burn the property, or less interest and watchfulness in guarding and preserving it from destruction by fire."

And, in the case of Swank v. Insurance Company, 126 Iowa 547, 102 N. W. 429, 430, we stated that:

"Conditions which may render a policy void if violated are to be construed strictly, and, if there be doubt as to their meaning, the insured is to have the benefit of such doubt."

■ In the case now before us, the provision of the policy which it is claimed voids it is:

"Any person selling or transferring any real estate, his Insurance Policy on buildings on the real estate is automatically canceled if either party does not give Secretary of this Association notice within five days *after transfer of property.*" (Italics are ours.)

Following the rule that such provision in the policy is construed strictly against the insurer, a mere sale of the property would not cause the policy to be automatically canceled in this case. The provision in the policy refers to "selling or transferring," thus apparently recognizing a distinction between a sale and a transfer, and cancellation is to take place only if notice is not given to the secretary within five days *after transfer.* The contract of sale in this case does not, in express terms, purport to transfer the property. By this contract the owner sells and agrees to convey, and it is quite clear that the conveyance is to be made by a warranty deed to be executed subsequently to the execution of the contract. The provision of the policy in regard to cancellation and the provision of the contract of sale in this case differ from the provisions of the policy and contract of sale involved in the case of Davidson v. Hawkeye Insurance Company, 71 Iowa 532, 32 N. W.

514, 60 Am. St. Rep. 818, and other cases relied upon by the appellant.

In the Davidson case the policy provided:

"In case any such property shall be sold, conveyed or incumbered * * * without the written consent of this company is obtained, * * * this policy shall immediately thereafter be null and void."

The owner entered into a contract by the terms of which he sold and delivered possession of the property to the purchaser, but retained the legal title until the payment of the balance of the purchase price. This court held that the sale of the property was a violation of the policy and voided it. In that case the court also found that under the contract of sale nothing remained to be done but the making of payments by the purchaser and delivery of deed by the vendor, and in this way distinguished that case from Kempton v. State Insurance Company, 62 Iowa 83, 17 N. W. 194, and other cases. Likewise, in the case of O'Brien v. Paulsen, 192 Iowa 1351, 186 N. W. 440, cited by appellant, which was a suit by the purchaser against the vendor for damages growing out of the loss of the buildings on the property by fire between the date of the contract and the delivery of the deed, this court held that the equitable title had passed upon the execution of the contract and that, as the contract was silent in regard to any changes that might lessen the value of the property before the delivery of the deed, the loss must be borne by the purchaser.

In the case at bar, however, the contract provided that possession was not to be given until March 1, 1930; that the owner should furnish the purchaser with an abstract of title showing a good and marketable record title in the purchaser, and should also deliver to the purchaser full and peaceable possession of the land, together with all appurtenances thereunto belonging, all in as good condition as at the present time, excepting only for natural use and depreciation.

Under the holding of this court in Kempton v. State Insurance Company, 62 Iowa 83, 17 N. W. 194, Erb v. German-American Insurance Company, 98 Iowa 606, 67 N. W. 583, 40 L. R. A. 845, Pringle v. Des Moines Insurance Company, 107 Iowa 742, 77 N. W. 521, Moore v. St. Paul Fire & Marine Insurance Co., 176 Iowa 549, 156 N. W. 676, and Bartemeier v. Central National Insurance Com-

pany, 180 Iowa 354, 160 N. W. 24, contracts of sale, where possession and title were to be given at a later date, did not void insurance policies containing provisions against sale or change of interest. In the use of the word "sells," the contract in this case differs in no way from the contracts involved in the cases above cited, and in our opinion is in no way distinguishable from them. We cannot say, as a matter of law, that there was such a sale or transfer of the property in this case as voided the policy of insurance. The trial court did not err in overruling appellant's motion for a directed verdict.

II. Appellant's assignments of error 5 to 10, inclusive, allege errors on the part of the court in refusing to give instructions asked by appellant. Some of the instructions thus asked would have required the jury to find that the execution and delivery of the deed by appellee, and the acceptance by him of the cash, promissory notes, and mortgage, and the recording of the deed and mortgage with his knowledge and consent, established an absolute transfer of all appellee's title and interest in the property and necessitated a verdict for the appellant. We have already seen in division I of this opinion that the parol evidence introduced by appellee raised a jury question as to the intention of the parties in connection with all these matters, and the trial court did not err therefore in refusing to give such instructions. The other instructions asked and refused are such as were fully covered by the court in its instructions given to the jury, and we find no error in the refusal of the court to give the instructions asked by the appellant.

III. The remaining errors assigned by appellant for reversal are based upon the overruling of appellant's objections to the parol testimony offered by appellee for the purpose of showing the intention of appellee and the purchaser of the land in question in connection with the execution and delivery of the deed and mortgage and the recording of same. As we have already seen in division I of this opinion that the parol evidence rule does not apply to a stranger to the instrument concerning which such evidence is offered, there was no error on the part of the trial court in overruling the objections to the evidence thus introduced.

The case was submitted to a jury under proper instructions by the court, and the verdict and judgment thereon should be and are hereby affirmed.

All the Justices concur.