GROVER WIESE et al., Trustees, Appellants, v. H. J. GREENWALT et ux., Appellees.

No. 45577.

JULY 27, 1943.

Nichols, Nichols & Milroy, of Vinton, for appellants.

Tobin, Tobin & Tobin, of Vinton, for appellees.

MANTZ, J.— ██ Plaintiffs for cause of action, in substance, state: That they are now and have been since February 24, 1931, trustees of the estate of W. E. Call, who died testate August 5, 1926; that in his will W. E. Call named the aforesaid trustees to act as executors until the estate was settled, after which they, as trustees, were directed to take possession of the estate property, following the settlement of the estate, and manage and control it for a period of ten years; that at his death W. E. Call owned a certain store building in the town of Mt. Auburn, Iowa; that while the estate was open, and long prior to November 1, 1932, the executors leased, in writing, to defendants the premises owned by the estate and described in the petition of plaintiffs; that said written lease provided that defendants were to pay a monthly rental of $16; that defendants entered into possession of the leased property and continued to occupy it until about November 1, 1937. In an amendment to the petition, plaintiffs allege: That after the terms of the written lease had expired, the defendants, while plaintiffs were still executors, and afterward, while they were trustees, without any new express agreement being made with plaintiffs, continued to use and occupy the leased premises until about September 30, 1931, when the parties to said lease orally agreed that the rental would be reduced to $12 per month; and that thereafter the defendants continued to use and occupy said premises until about November 1, 1937, at $12 per month. Plaintiffs further allege that defendants have failed to pay all

of the agreed rental of $12 per month, and ask judgment for the sum of $250 with five per cent interest, and costs.

Defendants deny, both generally and specifically, the petition of the plaintiffs, but admit that W. E. Call died testate as alleged by plaintiffs and that George. L. Call and Grover Wiese were executors of his estate, and that after it was closed and about February 24, 1931, they were appointed and qualified as trustees under his will; admit that when said trustees qualified, and up to November 1, 1932, the defendants were in possession or partial possession of the real estate leased under the written lease executed January 1, 1927, between defendants and plaintiffs as executors. Defendants admit that long prior to November 1, 1932, and to wit, on January 1, 1927, defendant Myrtle Greenwalt entered into the written lease with the executors of the estate of W. E. Call for the premises described in the lease, but deny specifically that H. J. Greenwalt ever entered into or executed such written lease. Defendants deny that they are indebted to plaintiffs in any sum for rentals of the above property.

At the conclusion of the evidence, upon motion of defendants, the court directed a verdict in favor of .H. J. Greenwalt and overruled a motion for directed verdict made on behalf of Myrtle Greenwalt. The cause was submitted to the jury and the jury returned a verdict in favor of the defendant Myrtle Greenwalt. The plaintiffs filed a motion for a new trial, exceptions to instructions, and exceptions to the refusal of the court to give the instructions asked. Said motion was overruled and plaintiffs appeal.

The plaintiffs have not appealed from the ruling of the court directing a verdict in favor of H. J. Greenwalt and that matter is not involved in this appeal.

The record shows without substantial conflict that W. E. Call died testate on August 5, 1926, and that under his will George L. Call and Grover Wiese were appointed executors; that at his death deceased owned a certain building in Mt. Auburn, Iowa; that on January 1, 1927, his executors leased, by written instrument, parts of said building for a period of one year to Myrtle Greenwalt at an agreed rental of $16 per month; that at the expiration of this lease it was not renewed in writing

and the tenant continued to pay the rental thereunder until sometime in September 1931; that sometime before November 1, 1932, the estate of W. E. Call was closed and the executors under the will qualified on February 24, 1931, as trustees of the property thereof; that about October 1931, the said trustees orally agreed with the tenant that the rental to be paid in the future was to be $12 per month. The record shows that the $12 was paid for about fourteen months and that thereafter appellees paid to appellants various amounts running from $6 to $9 per month; that from May 1933 to August 1933 there was paid $6 per month; from September 1933 to February 1934 there was paid $7 per month; from March 1934 to March 1937 there was paid $8 per month; and from April 1937 to September 1937 there was paid $9 per month. In brief, it is the claim of the trustees that the rental from October 1931 was to be $12 per month, and that the tenant failed to pay same in full and when the action was brought she owed to the trustees unpaid rentals in the sum of $250. On the other hand, tenant argues that following the oral reduction of the rental to $12 per month, there followed other agreed reductions of rental, said agreements being with the trustees, and that pursuant thereto she fully performed such agreements by making the payments agreed upon and that when the suit was brought she owed the trustees nothing by way of unpaid rentals.

Thus it will be seen that there is a controversy in the case relating to the disputed matter as to whether or not there was more than one oral agreement between landlord and tenant providing for a further reduction of the rental of the premises.

The will of W. E. Call devises all of the property of which he died seized in trust to George L. Call and Grover Wiese, and provides that said persons "shall manage and control said property for the period of ten years, the same as I could do if living." There is no provision made therein for court control or supervision.

According to the records in the estate, and especially in the trust, the matter of the lease entered into was handled in a somewhat careless and haphazard manner. There is no showing of any court approval of the lease or of any modification

thereof. No report was made to the court of its execution. While there were two trustees, the trustee Call collected all of the rentals from the tenant; the other trustee, Wiese, apparently had little to do with the matter of the leased property and testified that such was largely handled by the other trustee. It is rather significant that in the two reports of the trustees and the one of distribution there is made no mention of any unpaid rental due on the property leased to the appellees. On June 3, 1935, the trustees filed their duly verified first report in said trusteeship, and in it show monthly payments from the tenant in various amounts running from $16 to $8 to December 1934, and in this report the trustees reported "that the property has been rented for as high a rental as can be obtained, under present conditions." On June 17, 1937, the trustees filed a verified second report and showed payments by the tenant of $8 per month from January 1935 to March 1937, and $9 per month for April, May, and June of 1937. The final report of the executors was filed August 22, 1931. It contains no reference to the lease with Myrtle Greenwalt as an asset. This report was approved November 14, 1931, and the property ordered turned over to the trustees. The trustees receipted for the items of personal property on October 13, 1931, but make no mention of any lease or rent claim against Greenwalt. On February 24, 1931, appellants were appointed trustees; on February 12, 1932, said trustees filed an inventory and therein make no mention of the Greenwalt lease or rent claim.

Taking into consideration the nature of the authority granted to the executors and the trustees by the will, and the evidence as to the manner in which the lease in question was handled and rents collected thereunder, we are of the opinion that what was done therein was the act of both trustees.

Appellee Myrtle Greenwalt testified that when the depression came on in 1931 she was unable to pay the $12 per month rental and that she told the trustees she had a chance to obtain another building and the trustees were unwilling to lose her as a tenant and asked her to stay and pay what she could; that she stayed and paid $6 per month, later $7 per month, later, for the years 1934 and 1935 and into 1937, she paid $8 per

month; that thereafter, by virtue of an agreement with the trustees, she paid $9 per month during the remainder of the tenancy. This evidence is met by the testimony of the trustees that neither of them agreed to any reduction of the rent below $12 per month. They made categorical denials of further rent reductions but did not deny that there were talks upon that matter with Myrtle Greenwalt.

It will be seen from the foregoing that there was a conflict in the evidence as to whether or not there was a further reduction, below $12 per month, in the rentals to be paid, and this conflict makes a jury question.

There remain for consideration the points pleaded and argued by the appellants wherein it is claimed that the lower court committed error in giving certain instructions and also in refusing to give instructions requested by the appellants.

The court in Instruction No. 3 stated, in substance, that for the appellants to recover against Myrtle Greenwalt they must show that the agreed rate of rental for the premises was $12 per month.

Instruction No. 5 reads as follows:

"If you find that the plaintiffs have established by a preponderance of the evidence that after the rental of $12.00 per month was agreed upon, there was no subsequent change or reduction in the amount of said rental by mutual agreement of plaintiffs and the defendant, then you should return a verdict for the plaintiffs in such sum as you find from a preponderance of the evidence that they are entitled to as trustees of said estate, not exceeding $250.00 with interest thereon at 6% from the time same became due.

"But if you do not so find from a preponderance of the evidence then you should return a verdict for the defendant, Myrtle Greenwalt."

It is the claim of the appellants that said instruction is erroneous in that it placed the burden of proof throughout upon them. It is claimed by appellants that the $12 modification having been shown to exist, then the appellants' were entitled to an instruction to the effect that there would be a presump-

tion that said $12 per month rental continued and that the court should have instructed the jury that the burden was upon the appellees to have shown a subsequent modification.

Under the facts in the case, we are of the opinion that the objection to the instruction as given was not well taken. In view of the evidence introduced, we are of the opinion that the appellants were not entitled to an instruction to the effect that the presumption was as claimed by them, for the reason that there was a conflict in the evidence upon the very point on which the appellants claim the benefit of the presumption.

The evidence shows without conflict that the original written lease expired in one year following January 1, 1927, and for several years thereafter there were made monthly rental payments of $16 and these were accepted by the appellants. The written lease having expired, a new rental agreement having been entered into, in effect the parties were proceeding under another and different arrangement. The evidence shows that for about a year following the beginning of the $12 monthly payments, the appellants were collecting lesser amounts running all the way from $6 to $9 per month. The records which the appellants produced in court show such payments. The evidence shows that in many of the dealings in regard to the rental of this property and the payments of the rent, the transactions were handled by one of the trustees and that the other permitted and allowed this to be done. Wiese testified that he knew all of the time that the building was rented to the appellees, and that Call was getting the rents and reporting them to him and that he had full knowledge thereof as to the amounts paid, and further, that he never made any objection to the Greenwalts as to the amount of rent they were paying. There is no evidence in the record that the trustees ever made any objection to the Greenwalts of the amounts being paid by them. Trustee Call does say that he collected all that he was able to collect. Both trustees admitted that they signed the various reports. The first claim for unpaid rent was made by attorneys for the appellants, and was made in 1937 and at a time when the Greenwalts were about to move out of the premises.

The trustees asked for various instructions which were refused. The first two of the requested instructions were to

the effect that if the appellees continued to occupy the premises after the written lease had expired they would be held and considered to be using and occupying the premises on the same terms and conditions as in the written lease. Requested Instruction No. 3, in effect stated that there was no competent evidence of any valid reduction of the rent below $12 per month, and virtually told the jury that the trustees were entitled to collect rentals at $12 per month less any payments shown in the evidence. In effect, requested Instruction No. 3 directed the jury to find for the appellants.

We do not think that the court erred in refusing to give the requested instructions. The trustees admitted there was one oral modification of the written lease, and this was at least three years following its expiration. There is evidence that there were later modifications relating to the rental. The reports of the trustees, at least inferentially, so indicate. Their reports show the monthly payments were being made from $10 per month for December 1932, and $8 per month in December 1934, with payments of $6 and $7 per month in between said dates; also, the payment of $8 per month for over three years following March 1934. This, coupled with their statement therein, ''That the property has been rented for as high a rental as can be obtained, under present conditions,'' certainly raises a jury question as to whether or not there had been a further modification of the rentals as claimed by the appellees. In none of the reports made by the executors, or the trustees, was there any statement made that there was any unpaid rental, or that there was any lease between the representatives of the estate and the Greenwalts.

It will be noted that both of such requested instructions were directed against both defendants, in spite of the fact that the court had directed a verdict in favor of H. J. Greenwalt and there was but one defendant at the time the requested instructions were asked.

Further, in connection with the consideration of the requested instructions, we believe that both of them gave undue emphasis to the appellants' theory of the case and also ignored disputed contrary evidence.

Requested Instruction No. 3 advises the jury that there was no competent evidence that there was a valid further reduction of the monthly rental following the $12 per month modification. We do not so read the record. We think the evidence of the trustees indicates that there had been further reductions. Their records would so indicate. We think it was a jury question. Kiser v. Morton Farmers Mut. Ins. Assn., 216 Iowa 928, 249 N. W. 753; Luman v. Kerr's Admr., 4 (G. Greene) Iowa 159; 64 C. J. 531, section 482.

While the instructions given were brief, we think they correctly set forth the issues and the law applicable. We think that the jury had before them ample evidence to sustain their finding. Doubtless they took cognizance of the fact that the period during which the rentals were in dispute was during one of the worst depressions in the last fifty years. We hold that there was no error in the trial and that the judgment of the lower court should be affirmed.—Affirmed.

All JUSTICES concur.