## THE STATE OF IOWA:

DES MOINES, DECEMBER TERM, A. D. 1875.

IN THE THIRTIETH YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM E. MILLER, CHIEF JUSTICE.
" CHESTER C. COLE,
" JAMES G. DAY, } JUDGES.
" JOSEPH M. BECK,

---

## MERRETT v. THE FARMERS' INSURANCE CO.

1. **Insurance:** INSURABLE INTEREST. If the loss of property will deprive one of its possession, enjoyment or profits, or of a security or lien thereon, or of any certain benefits growing out of it, he has an insurable interest therein.

2. ———: ———: HUSBAND AND WIFE. The husband has an insurable interest in a house occupied as a homestead by himself and wife, erected upon land in which she has a life estate.

3. ———: ———: AMOUNT OF RECOVERY. In such a case, the right of recovery extends to the amount of damages to the property, not exceeding the sum insured, without regard to the assured's interest in the property.

4. ———: ———: MORTGAGE. Whether the rule that there can be no inquiry into the extent of an insurable interest to limit the obligation of the underwriter applies to mortgagees and lien holders, *quære*.

*Appeal from Johnson District Court.*

MONDAY, DECEMBER 13.

ACTION upon a policy of insurance. The cause was tried to the court without a jury, and a judgment rendered for plaintiff. Defendant appeals.

*Fairall & Bonorden*, for appellant.

One who has an insurable interest in property destroyed can recover only the value of such interest. (*Niblo v. N. A. Ins. Co.*, 1 Sandf., S. C., 556; *Carpenter v. Prov. Wash. Ins. Co.*, 16 Pet., 501; *Sussex Co. Mut. Ins. Co. v. Woodruff*, 2 Dutch, 541.) A stockholder can recover for injury to the corporate property no more than the actual loss sustained. (*Warner v. Dav. Fire Ins. Co.*, 31 Iowa, 470.)

*Clark & Haddock*, for appellee.

If one would suffer any disadvantage by the destruction of the premises or property, he may indemnify himself by insurance, whether or not he has any title in, or lien upon, or possession of it. (Flanders on Insurance, 377; *Putnam v. Mercantile, etc.*, 5 Met., 386; *Eastern R. R. v. Relief Ins. Co.*, 98 Mass., 423.) Any interest which would be recognized by a court of law or equity is an insurable interest. (*Warren v. Dav. Fire Ins. Co.*, 31 Iowa, 467.) Insurance obtained by the husband upon the property of the living wife, described as his property, has been sustained both on the ground of his tenancy by curtesy and of agency for the wife. (*Harris v. York M. Ins. Co.*, 50 Pa. St., 349; *Franklin Ins. Co. v. Drake*, 2 B. Mon., 50.) See, also, *Mitchell v. The Howe, etc.*, 32 Iowa, 426; *Curry v. Com. Ins. Co.*, 10 Pick., 542; *Mut. Ins. Co. v. Deale*, 18 Md., 26. The statement of facts and description of the subject of insurance, made at the time of

the application to the agent of the company, estop the company to deny the knowledge thus communicated. (*Plumb v. Cattaraugus, etc.*, 18 N. Y., 392; *Ayres v. Home Ins. Co.*, 21 Iowa, 185; *Ins. Co. v. Wilkinson*, 13 Wall., 222.) The assured may recover the whole amount of damages to the property in which he has an insurable interest, not exceeding the sum insured, without regard to the extent of his interest. (*Franklin Ins. Co. v. Drake, supra; Strong v. Manufacturers' Ins. Co.*, 10 Pick., 44.)

BECK, J.—The policy of insurance upon which suit is brought is against loss. by fire and covers a dwelling and barn, and certain enumerated articles of personal property. The dwelling and a part of the personal property were destroyed by fire, and, to recover the loss, this action is brought. The first question presented in the case is this: Was plaintiff's interest in the house burned, insurable?

The house was occupied by plaintiff and his wife as a homestead. It was built by the wife upon land in which she held a life estate and was occupied by her as a dwelling. Subsequently she married plaintiff, and thereafter the house was occupied by them and their family. The title, then, of the real property is in the wife, her interest therein was a life estate, and it was occupied by plaintiff and wife as a homestead. It may be stated, besides these facts, that plaintiff made certain additions and improvements to the house. The policy was issued upon the application of plaintiff and in his name.

I. What is an insurable interest? An interest, to be insurable, does not depend upon title or ownership of the

1. INSURANCE: insurable interest. property; it may be a special or limited interest, disconnected from title, lien or possession. If the holder of an interest in property will suffer loss by its destruction he may indemnify himself therefrom by a contract of insurance.

The interest must be of such a character that the destruction of the property will have a direct effect upon it, not a remote or consequential effect. If, by the loss, the holder of

the interest is deprived of the possession, enjoyment or profits of the property, or of a security or lien resting thereon, or other certain benefits growing out of, or depending upon it, he holds an insurable interest. 1 Phillips on Insurance, §§ 175, 342, 346; Flanders on Insurance, p. 342; *Warren et al. v. The Davenport Fire Ins. Co.*, 31 Iowa, 464.

II. The plaintiff held a homestead interest in the property, and was entitled to occupy it independent of the will of his 2. ——: ——: wife. This right could only be terminated by her
husband and
wife.          death. Whatever benefits flowed from such occupation, he enjoyed on account of his interest in the property, and he could not be deprived of them except by his own act. Code §§ 1988, 2215. The destruction of the house deprived him of these benefits growing out of his interest in the property. His interest then is clearly within the definition of an insurable interest above stated.

III. It is insisted that the amount of the judgment is excessive; it is the sum insured upon the property, not exceed-
3. ——: ——: ing two-thirds of its value. The judgment, it is
amount of
recovery.      claimed, should have been for the value of plaintiff's interest. It has been held in like cases that the right of recovery extends "to the amount of damages to the property not exceeding the sum insured, without regard to the value of the assured's interest in the property." *Franklin Ins. Co. v. Drake*, 2 B. Mon., 47; *Strong v. Manufacturers' Ins. Co.*, 10 Pick., 40; *Insurance Co. v. Chase*, 5 Wal., 509.

IV. This question, it seems to us, is determined by the language of the policy which binds the defendant to pay "the amount of the loss or damage, to be estimated according to the actual cash value of the property at the time of the loss," and to make good the loss or damage of assured, not exceeding in amount the sum insured. The loss or damage is determined by the contract, which provides that it shall be estimated upon the value of the property, not upon the value of insured's interest, to the extent of the sum insured.

The value of the property insured and the sum insured 4. ——: ——: thereon, mark out the limits of recovery in all
mortgage.      actions upon policies. If the policy holder has an

insurable interest, no inquiry is made as to the value of that interest. All insurable interests, of those who may be called owners of property, are regarded alike by the law which will not permit an inquiry into values to limit the obligation of the underwriter. The rule may be different in the case of mortgagees or lien holders.

V. It is difficult to see how a sum less than the value of the property would compensate plaintiff for the loss sustained. The house was occupied as a homestead. Its destruction deprived him of the benefits which were derived from the possession of a homestead of that value. He ought to recover as compensation the sum that will enable him to regain the benefits he lost, to the extent they were covered by the insurance. Nothing less than an estimate based upon the value of the house will do this.

VI. The court, against defendant's objection, permitted plaintiff to prove that the policy was issued at the request of his wife. It is now insisted that this was error. It is not necessary that we should pass upon the question. If the evidence had been excluded, the finding of the court could not have been different, and a judgment for defendant upon the other evidence would have been set aside as in conflict with the proof. No prejudice was, therefore, wrought defendant by the admission of the evidence, should it be held incompetent. The foregoing dsscussion disposes of all questions in the case.

AFFIRMED.