M. H. SCHAEFFER v. THE ANCHOR MUTUAL FIRE INSURANCE COMPANY, Appellant.

**Insurable Interest:** TENANCY AT WILL IS. A tenant at will being entitled under the statute to 30 days notice before he can be dispossessed, has therefor a term of definite, fixed possession, which is insurable. What recovery this interest will warrant is not decided, the amount of recovery being stipulated.

INSURANCE BY AGENT OF OWNER FOR BENEFIT OF OWNER: *Policy issued in name of agent.* A party in possession of property under an agreement with the owner to pay the insurance thereon has a right, as agent, to insure the property for the owner's benefit; and if an insurance company, with knowledge of the fact, issues the policy in the name of such person in possession, it cannot escape liability on the ground that he had no interest in the subject-matter.

COVENANT AGAINST CHANGE OF TITLE: *Not broken by deed delivered after death of grantor.* A deed not delivered until after the grantor's death is invalid, and will not avoid a policy containing a condition that it shall be void in case a change of title is effected without the knowledge or consent of the company.

MISREPRESENTATION OF TITLE: *Held to be jury question.* Plaintiff testified that his title to the insured property was fully stated to defendant's agent, and that plaintiff did not learn that his interest was incorrectly stated in the application until after the loss. The agent testified that while he had no independent recollection of the facts, he knew he got all his information from the insured, because there was no other source from which he could have obtained it. *Held,* that the conflict as to what information plaintiff gave the agent was for the jury, and the court erred in determining the issue in plaintiff's favor by directing a verdict for him.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

SATURDAY, APRIL 13, 1901.

*Sullivan & Sullivan* for appellant.

*Salinger & Korte* for appellee.

WATERMAN, J.—The policy was for $800, and covered a frame building occupied as a harness shop and dwelling. The first question presented is whether plaintiff, in whose name the policy was made out, had an insurable interest in the property. It is conceded that at the time the policy was issued the title to the property was in one B. C. Wente, the father-in-law of plaintiff. The only interest the latter had, as stated by him, was through this arrangement with the owner: "He [Wente] says to me I shall pay the taxes and insurance on the building, and, if I did pay the taxes and insurance, I could do business there, and live there. There was a dwelling house upstairs. I could have use of building and live there. When I was ready, I moved in. I had a harness shop, and lived up stairs." On the part of defendant it is contended that this shows plaintiff to have been only a tenant at will, and as such he had no insurable interest. In *Carter v. Insurance Co.,* 12 Iowa, 287, the court says: "A limited qualified interest or any reasonable expectation of property or advantage from property is insurable. * * * It may be said generally that any interest may be insured if the peril against which insurance is made would bring upon the insured by its immediate and direct effect a pecuniary loss." Again in *Merrett v. Insurance Co.,* 42 Iowa, 11, Beck, J., speaking for the court, says: "What is an insurable interest? An interest, to be insurable, does not depend upon the title or ownership of property. It may be a special or limited interest, disconnected from title, lien, or possession. If the holder of an interest in property will suffer loss by its destruction, he may indemnify himself therefrom by a contract of insurance." Under this rule the homestead right of occupancy is insurable. See the case last cited; also *Carey v. Insurance Co.,* 97 Iowa, 619. So likewise is the right of possession of chattels. *Fox v. Insurance Co.,* 93 Iowa, 7. Under our statute a tenant at will is entitled to 30 days' notice before he can be dispossessed. He therefore has at

least that term of definite, fixed possession. This right is insurable. What its value might be in the present case we are relieved from determining, for defendant has agreed of record that plaintiff's right of recovery, if he is entitled to succeed is $800.

There is another view of this matter which is presented by the record, although not discussed by counsel. Plaintiff was under obligation, through his agreement with the owner, to keep his property insured; and, so far as appears, this was to be done for the latter's benefit. He had a right as a mere agent to do this. If, with full knowledge of all the facts, defendant chose to issue the policy in the agent's name, it cannot escape liability on the ground that he had no interest in the subject-matter. Wente's interest was certainly insurable, and it looks to us as if that was what plaintiff agreed to protect.

I. The policy contained this provision: "If the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in this policy, then * * * this policy shall be void." In its answer defendant avers that in plaintiff's application for the insurance he stated that he was the owner of the land upon which the building was situated; that this statement was intentionally and willfully made; that it was untrue, for that title was in Wente at the time; and because of this fraud the policy was void from its date. In response to this claim plaintiff alleges that the facts of his interest and occupancy and of the ownership of the property were fully stated to one Hannasch, a soliciting agent for defendant, who took the application, and filled it out; that plaintiff supposed the facts were correctly stated as he gave them, and did not learn the contrary until after the loss occurred. Evidence was offered by plaintiff to sustain these averments. To meet this testimony Hannasch was called by defendant, and testified as follows:

"I took the application of Mr. Schaeffer, who has just testi-
fied in this case. He signed the application. * * * The
information I received and put in this application I got from
Mr. Schaeffer,—the size of the building, and when it was
built; I got that from Mr. Schaeffer. Q. Now, one ques-
tion in the application is, 'Are you the owner of the prop-
erty?' and the answer is, 'Yes.' From whom did you get
that information? A. I presume, from Mr. Schaeffer;
and the same as to the ownership of the building and the
ownership of the land upon which it is situated. All this
information came from Mr. Schaeffer. I don't see how I
got the answers in any other way than it was answered to
me by Mr. Schaeffer." This answer was stricken out on
plaintiff's motion as being a mere opinion of the witness.
'Q. State what you know about that as to the answers put
down to this question. A. These answers were put down
just as they were given me by Mr. Schaeffer to all questions
in the application. * * * Q. But the information you
put down in this application, if I understand you right, as
to all the answers, do you or do you not state to the jury that
you received that from Mr. Schaeffer? A. I got that from
Mr. Schaeffer." On cross-examination the witness says: "I
don't pretend to say I remember everything that was said
about the ownership of the property. My idea is I would
not have written it in there except what he told me. I have
got no independent recollection of what he did tell me." If
the facts were told to defendant's agent, and he filled the
blanks in the application with erroneous statements, unknown
to the assured, the company will be estopped from setting up
such statements to defeat a recovery on the policy. *Parno v.
Insurance Co.*, 114 Iowa, about p. 200. But defend-
ant had a right to show that its agent recorded
the facts as given him. This it attempted to do
by the testimony of Hannasch. The court wholly
disregarded Hannasch's evidence in directing a ver-
dict, and this must have been on the theory that he stated

opinions or conclusions only, and not facts.. Now, as we interpret the testimony, it is not open to objection. The witness says, while he has no independent recollection of the facts, he knows he got all the statements from Schaeffer, because there was no other source from which he could have obtained them. A statement cannot be said to be argumentative, or a conclusion merely, because a witness who has stated the facts adds a reason to support them. *Hoadley v. Hammond,* 63 Iowa, 599; *Gaslight Co. v. Green,* 21 Iowa, 335. Although Hannasch said he had no independent recollection of what facts were told him, he did not say that, refreshed by the statements in the application, he had no recollection at all; and the effect of all his testimony is that he gives this refreshed or aided recollection. This he had a right to do. 1 Greenleaf, Evidence, 437. We cannot but think there was a conflict as to what information plaintiff gave the agent as to the title of the property. This conflict was for the jury to settle, and the court erred in determining it in plaintiff's favor by directing a verdict for him.

III. Another defense is that a provision of the policy was violated, because there was a change of title after the insurance was effected, without the knowledge or consent of the company. The facts are these: Title, as we 4    have said, was in Wente, the father of plaintiff's wife, at the time the policy was issued. Wente died in December, 1896, and after his death plaintiff's wife came into possession of a deed dated October 8, 1896, describing this property, and executed by her father and his wife. The deed runs to plaintiff's wife in her maiden name. The burden of proof was upon defendant to show a breach of condition which would avoid the policy. *Sutherland v. Insurance Co.,* 87 Iowa, 505. The change of title must be shown to be valid and complete. *Kemplon v. Insurance Co.,* 62 Iowa, 83; *Pringle v. Insurance Co.,* 107 Iowa, 742. This deed, being found in the possession of the grantee, would, if nothing more appeared, be presumed to have been delivered

by the grantor on the day of its date.    But something more
does appear.    It is shown that the instrument did not come
into the grantee's possession until after her father's death,
and that she knew nothing of it until it was handed her by
Mr. Brunning.    Whether it was delivered to Brunning for
her or was found by him among her father's papers after his
death, does not appear.    If the deed was not delivered until
after the grantor's death, it is invalid, 'and the condition of
the policy is not broken, *Otto v. Doty,* 61 Iowa, 23; and all
the circumstances shown indicate that this was the case.

Some other questions, not likely to arise again, are dis-
cussed by counsel.    For. the error above pointed out, the
judgment must be REVERSED.