E. V. McWilliams, appellant, v. Farm and City Mutual Insurance Association of Iowa et al., appellees.

No. 49066.

(Reported in 80 N.W.2d 320)

JANUARY 15, 1957.

Charles L. Elson, of Leon, for appellant.

R. B. Hawkins, of Leon, and A. Dean Flanders, of Des Moines, for appellee Farm and City Mut. Ins. Assn. of Iowa.

Robert W. Burdette, of Leon, and John B. Miller, of Nevada, for appellee Dale Dunahoo.

HAYS, J.—Plaintiff's petition is in two counts. Count I prays for specific performance of written contract whereby defendant Dunahoo agreed to assign a fire-insurance policy. Count II seeks judgment against defendant Farm and City Mutual Insurance Association of Iowa as an assignee for a loss covered by said policy. The trial court decreed assignment by Dunahoo of what interest he had in said policy and dismissed the petition as to the defendant association. Plaintiff appeals.

In June 1954 the association issued a five-year fire-insurance policy on a dwelling owned and occupied by Dunahoo. It covered the *interest of the insured* in an amount of $2000 on the building and $2500 (later increased to $3500) on the furnishings. It also provided "Assignment of this policy shall not be valid except with the written consent of this association."

November 2, 1954, Dunahoo sold the property on contract to the plaintiff for $5500, payable $500 down (which was paid), with the balance payable on or before March 1, 1955, when warranty deed and abstract of title were to be furnished; also, insurance in force was to be assigned pro rata. November 9, 1954, plaintiff paid the balance due, received a warranty deed and placed it of record. Dunahoo continued to reside in the property.

December 3, 1954, fire destroyed the house and contents. Proof of loss was furnished the association, which denied liability under the policy. After this suit was commenced, the association paid Dunahoo $2500 for loss of furnishings.

On the trial plaintiff testified that at the time of the contract and the deed it was orally agreed that Dunahoo might remain in the building until he found a place to live, but not beyond March 1, 1955.

It is plaintiff's contention that until March 1, 1955, or until Dunahoo vacated the premises, Dunahoo was the owner thereof with complete insurable interest. The association and Dunahoo assert the sale was fully consummated with the full payment of the purchase price and the delivery of the deed. The trial court held the sale was completed November 9 and Dunahoo's only insurable interest was the right of occupancy until March 1, 1955.

I. Assigned errors 1 and 2 should be considered together. They are that the court erred in holding the contract was not executory at the time of the loss, and in holding Dunahoo's insurable interest was limited to the right of occupancy.

A contract of fire insurance is simply a contract of indemnity, personal between insured and insurer, and does not run with the property covered therein. Where the contract, as here, is limited to "the interest of the insured in the property" it simply assures reimbursement for his actual loss not exceeding a stated sum. This "insurable interest" means that whenever a person will suffer a loss by a destruction of the property he has an insurable interest therein. In Merrett v. Farmers Insurance Co., 42 Iowa 11, 13, it is said, "What is an insurable interest? An interest, to be insurable, does not depend upon the title or ownership of property. It may be a special or limited interest,

disconnected from title, lien or possession. If the holder of an interest in property will suffer loss by its destruction, he may indemnify himself therefrom by a contract of insurance." This may include a tenancy at will. Schaeffer v. Anchor Mut. Fire Ins. Co., 113 Iowa 652, 85 N.W. 985; 44 C.J.S., Insurance, section 188; Davis v. Bremer County Farmers Mut. Fire Ins. Assn., 154 Iowa 326, 134 N.W. 860.

There is no dispute in the record but that Dunahoo had a right to occupancy until March 1, 1955. The claim of plaintiff that he had a greater right depends upon the force and effect of the transactions of November 2 and November 9, 1954. At the time the contract was signed and at least until November 9, no one would seriously contend that Dunahoo did not have a substantial "insurable interest." On November 9 he received full payment for the property and by his warranty deed he conveyed, presumably at least, his full interest therein to the plaintiff subject to his collateral agreement that he might occupy the premises until March 1. Dunahoo testified: "I never saw Mr. McWilliams from the time we made the deal until after the fire. *I had no interest in the place * * *.*" There is not one word in the record tending to show that when McWilliams paid the balance due under the contract, received the warranty deed and placed it of record, he did not consider himself to be the absolute owner thereof. The fact that Dunahoo insisted that plaintiff agree he could continue to occupy the house and plaintiff's consent thereto indicates control over the property by the plaintiff. Kiser v. Morton Farmers Mut. Ins. Assn., 213 Iowa 18, 237 N.W. 328, also same case, 216 Iowa 928, 249 N.W. 753, cited by the appellant upon this point is so entirely different on the facts that it is of no benefit here. We hold that on November 9 of 1954 Dunahoo parted with every interest in the premises except that of occupancy and the trial court correctly limited his "insurable interest" to such a right. The court directed Dunahoo to assign such right to plaintiff and he has not appealed such order.

II. The other error assigned is that the court erred in holding that the settlement the association made with Dunahoo was not an admission of liability for the loss of the house.

At the time of the settlement an instrument termed "Receipt

and Release" was signed by Dunahoo. It stated that the sum ($2500) is accepted in full settlement of the loss due to the destruction of the household furnishings. It also provided, and this is the bone of contention, "It is further agreed as a part of the consideration for this settlement that the undersigned allegedly had no insurable interest in the real estate * * *; that he has made no assignment of the insurance policy * * *, except as to such agreements as are contained in the * * * contract * * * dated November 2, 1954." We are unable to find anything in this instrument that could in any way be held to be an admission of liability for anything except the furnishings. The quote above simply is assurance to the association that Dunahoo makes no further claim under the policy and has not assigned any claim thereunder which might entail further litigation. Midwest Metal Stamping Co. v Citizens Fund Mut. F. Ins. Co., 229 Iowa 969, 295 N.W. 444, 133 A.L.R. 779, cited by appellant, is not in point.

 The policy being personal between Dunahoo and the association, plaintiff has no rights thereunder except by way of assignment from Dunahoo. It is admitted there was no assignment before the loss. No such assignment appears except as it was ordered in the decree of the court under Count I hereof. Assuming such is sufficient to entitle plaintiff to maintain Count II, no proof was offered as to the value of Dunahoo's limited insurable interest and the court correctly denied relief as against the association.

For the reasons above set forth the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.