The WESTERN CASUALTY AND SURETY COMPANY, a corporation, Plaintiff,

v.

Margy HERMAN, Mark Lowell Herman and Leo Newman, Defendants.

No. 57 C 574(M).

United States District Court
E. D. Missouri, E. D.

Aug. 31, 1962.

Barnhart & Sommers, St. Louis, Mo., for plaintiff.

Douglas H. Jones, St. Louis, Mo., for defendants, Margy & Mark L. Herman.

Jean P. Bradshaw, Springfield, Mo., and Hugo M. Walther, St. Louis, Mo. for defendant Leo Newman.

MOORE, District Judge.

This is a declaratory judgment action brought by The Western Casualty and Surety Company, hereinafter referred to as Western, against Margy Herman, the insured, Mark Lowell Herman, her son, and Leo Newman, who was injured while an occupant of a car driven by Mark Herman. Western seeks a declaration of non-liability under the contract of insurance with Margy Herman. Defendants counterclaimed requesting a declaration that the policy was in full force and effect. By way of affirmative defense, defendants pleaded estoppel. Furthermore, they requested reformation of the contract of insurance.

The case was tried before this court, without a jury, on November 4th and 5th, 1959. Judgment was entered for the plaintiff, but was vacated on the motion of the defendants. After this, both parties requested summary judgment, but since there had already been a trial on the merits, these motions were overruled because there existed genuine issues as to material facts. In overruling the motions for summary judgment the court suggested that the parties stipulate that the court be authorized to make new Findings of Fact and Conclusions of Law, as authorized by Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The parties have so stipulated, and accordingly the Court decides the case on the record of November 4th and 5th, 1959.

Western is a corporation organized under the laws of the State of Kansas. Defendants are residents of Missouri. The amount in controversy exceeds $3000.00. (Since this case was brought before the 1958 amendment to Section 1332, 28 U.S.C.A., the jurisdictional amount is only $3000.00, and the corpo-

ration is a citizen of its state of incorporation.)

Defendant Mark Lowell Herman, the twenty-two year old son of defendant Margy Herman, purchased a 1951 4-door Dodge automobile on or about April 1, 1957. Mark Herman, who is a professional wrestler, lived with his mother, Margy Herman, at 1331 Midland in University City, Missouri. The Hermans claimed that the car was jointly owned by them, but this is disputed, and will be discussed later. On April 2, 1957, either Margy Herman or Mark Herman called Mr. Sam Glassman, an independent insurance broker, who wrote most of the family's insurance. (The Hermans lived with the family of Mr. Sidney Shapiro, Mrs. Herman's son-in-law.) Mr. Glassman knew the family well, including Mark Herman, and knew him to be a professional wrestler. The conversation between Glassman and the Hermans is in dispute, and will be discussed later. However, they arrived at coverage of $25,000.00 for each person, $50,000.00 for each occurrence, for personal liability and $5000.00 property damage. Mr. Glassman called into the Western Casualty office, who took down the data supplied by Glassman. Included in this data was the motor vehicle number. Mr. Glassman is unaware how he obtained the number. Mark Herman testified that he showed Mr. Glassman the title certificate.

The premium on the insurance was paid, and the policy mailed to the Hermans.

In May of 1957, defendant Mark Herman, accompanied by defendant Leo Newman, drove to Albuquerque, New Mexico, in the car. Both defendants had engaged in wrestling bouts in the Albuquerque area. On May 25, 1957, while returning from the southwest, Mark Herman was driving. An accident occurred near Marshfield, Missouri, and defendant Leo Newman was injured. The car was completely demolished and was subsequently sold for $10.00.

On June 5, 1957, the Hermans were contacted by a representative of The Western Casualty and Surety Company. The Hermans then disclosed that they owned the car jointly, and that Margy Herman was not the sole and unconditional owner of the car.

Criminal proceedings were brought against Mark Herman in Marshfield, Missouri. Mr. James P. Gray, an attorney who represents Western, appeared for Mark Herman in the Magistrate court, and entered a plea of guilty. On June 13 Gray wrote the Hermans and told them a fine of $36.00, including court costs, had been assessed, and suggested that they pay it. On June 28, 1957, more than a month after the accident, Western took a reservation of rights agreement from Margy Herman. No such agreement was taken from Mark Herman.

This suit was commenced November 15, 1957. Western paid into court the entire premium paid. This was the first attempt by Western to rescind the policy.

Subsequently, Western indicated on its records, April 2, 1958, that the policy had lapsed, and would not be renewed.

The principal fact disputed arises out of the ownership of the car. The insurance policy, which was introduced into evidence, listed Margy Herman as the sole owner of the 1951 4-door Dodge in question. The policy further provides that the policy was issued in reliance upon this declaration. The title certificate to the car was introduced into evidence, and disclosed that Mark Herman was the owner of the car. The testimony of Mark Herman and Margy Herman was that they owned the car jointly, each paying for half. However, Mrs. Herman was unable to produce any cancelled checks to evidence payment, although she claimed to have paid by check. She also testified that she sent the check to Mark while he was in Albuquerque, and that the check was her paycheck from her work as a masseuse at Meadowbrook Country Club. However, she was in the hospital at the time, and not working. There are many other contradictions in the testimony of the Hermans in regard to payment. Accordingly, the Court finds that Mrs. Herman paid nothing towards

the purchase price of the car. Furthermore, Mrs. Herman did not have a driver's license, nor had she driven a car for many years. And, she never drove the 1951 Dodge, while her son, Mark Herman, was the sole user. Accordingly, the Court finds that Mark Herman was the sole owner of the car.

The Hermans also testified that they had made a full disclosure of all the facts of joint ownership to Mr. Samuel Glassman, agent of Western, who wrote the policy. Mr. Glassman was unable to confirm or deny their testimony, as he had no independent recollection of the facts. Again, however, there are many contradictions in the testimony of the Hermans, and accordingly the Court finds that the interest of Mark Herman was not disclosed.

The testimony of plaintiff indicates, and the Court finds, that it was the policy of Western not to insure entertainers, wrestlers such as Mark Herman being classified as entertainers; and that they would not have insured the car had they known that Mark Herman had an interest.

■ It is Western's position that the policy was void *ab initio* since Margy Herman, the named insured, had no insurable interest in the car. This position is incorrect, since we are dealing with liability insurance and not casualty insurance. Had casualty insurance been involved the policy would be entirely void, but the requirement of insurable interest is inapplicable to liability insurance. The rule is stated succinctly in Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 6, Part I, Section 3873:

"The rule requiring possession by the insured of an insurable interest in the property forming the subject matter of the insurance, which prevails generally in casualty insurance, is not applicable to liability indemnity policies."

"The character of the insurance is quite different * * *; in the case of liability insurance the risk

and hazard insured against is not the injury or loss of property named in the policy, but against loss and injury due to the use of the property therein named for which the insured might be liable, and the right of the insured to recover does not depend upon his being the holder, in fact, of either a legal or equitable title or interest in the property, but whether he is primarily charged at law or in equity with an obligation for which he is liable."

The Missouri Supreme Court cites this section with approval in Grafton v. McGuire, 362 Mo. 882, 245 S.W.2d 69. Accordingly, the policy of insurance was not void *ab initio*.

■■ Next, Western argues that the fact that Margy Herman was not the sole owner of the car, and that it would not have issued the policy had it known the true state of affairs, voids the policy. Plaintiff is incorrect. Even if it is conceded that these were material misrepresentations, the policy is at most voidable, and not void. Milbank Mutual Insurance Co. v. Schmidt et al., 304 F.2d 640 (8th Cir. 1962). A party desiring to rescind a voidable contract must do so in a reasonable time. Ibid.

■ It is clear that Western did not rescind in a reasonable time. Western knew Mark Herman owned an interest in the car on June 5, 1957, when it took his statement. Yet it continued to represent him in the criminal case in Marshfield, Missouri. Furthermore, it conducted settlement negotiations. Secondly, it did not formally attempt to rescind until it filed suit on November 15, 1957. Prior to this time it had not tendered back the premiums. In addition, it appeared in the Plaintiff's records that the policy was not cancelled, but that it was allowed to lapse on April 2, 1962.

■ Western contends, however, that it had obtained a reservation of rights agreement from Margy Herman on June 23, 1957. However, even if this were in a reasonable time, such an agreement

does not operate as a rescission of the contract. The agreement was drafted by Western, and accordingly is construed strictly against it. The agreement at all times refers to the contract and to defenses. There is no indication of any rescission. One paragraph of the agreement states:

> "Notice is hereby given by the company and accepted by me or us that the signer of this agreement for the company has no authority, either express or implied, to waive or invalidate any of the conditions of the policy or waive or invalidate any or the right whatever of or to commit the company."

This paragraph makes clear that the policy is to remain in force, since the company expressly refuses to waive any defenses.

Under the agreement the company seeks to affirm and disaffirm at the same time. It cannot do this. A waiver of rights agreement did not alter the result in the Milbank case, supra.

Another point raised by the plaintiff is that since Mark Herman was the sole owner of the car, it cannot be said that he was driving with the "consent" of the insured within the meaning of the "omnibus" clause. However, the courts are disposed to interpret "consent" liberally.

In any event Sam Glassman, agent for Western, obviously knew that Mark Herman would drive the car and that coverage was intended for him. Thus, applying the usual rule, that a policy is construed strictly against the insurance company, the Court finds that the "omnibus" clause applied to Mark Herman.

Accordingly, judgment will be entered dismissing Plaintiff's Complaint, at its cost, awarding costs to defendants, and declaring that the policy was in full force and effect on May 25, 1957.

The foregoing memorandum will serve as the findings of fact and conclusions of law.