**FARMERS BUTTER AND DAIRY COOP-ERATIVE, Appellant,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.**

No. 54938.

Supreme Court of Iowa.

April 13, 1972.

Elwood & Anderson, Cresco, and Miller, Pearson & Gloe, Decorah, for appellant.

O'Donohoe & O'Connor, New Hampton, for appellee.

RAWLINGS, Justice.

Law action by plaintiff Farmers Butter and Dairy Cooperative (bailee) seeking recovery under auto collision provisions of fleet insurance policy issued by defendant Farm Bureau Mutual Insurance Company (insurer). Trial to court resulted in judgment adverse to plaintiff-bailee and it appeals. We reverse.

The case was submitted and adjudicated on an agreed stipulation of facts which, to the extent here relevant, discloses:

Bailee is the operator of numerous tank trucks used in effecting farm milk collections. At all times concerned it held an insurer issued fleet collision and liability insurance policy.

September 30, 1964, bailee obtained possession of a used milk tank truck from Maquoketa Valley Cooperative Creamery (bailor) under an arrangement whereby bailee was granted a trial period purchase option if the vehicle proved suitable. During that period title remained in bailor.

While the vehicle was being so tested an employee used it in the regular course of bailee's business, and October 10th its firm name was painted on the truck.

October 15th bailee notified insurer regarding "acquisition" of the truck and thereafter received a policy endorsement dated December 2, 1964, effective 12:01 A.M., October 26th, extending coverage to that vehicle. About 6:15 A.M., October 26th, it was damaged as the result of an accident. Bailee caused repairs to be made and December 6, 1964, paid $3,259.29 repair costs, this being the agreed damage.

December 26th bailee paid bailor $9500, purchase price for the truck, and received title thereto.

Trial court held, in effect, plaintiff-bailee's right of recovery from defendant-

insurer was precluded by The Code 1966, Section 321.45(2). It states, in material part:

"2. No person shall acquire any right, title, claim or interest in or to any vehicle subject to registration under this chapter from the owner thereof except by virtue of a certificate of title issued or assigned to him for such vehicle or by virtue of a manufacturer's or importer's certificate delivered to him for such vehicle; nor shall any waiver or estoppel operate in favor of any person claiming title to or interest in any vehicle against a person having possession of the certificate of title or manufacturer's or importer's certificate for such vehicle for a valuable consideration except in case of

" * * *

"d. except for the purposes of section 321.493. Except in the above enumerated cases, no court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to any vehicle subject to registration sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued or assigned in accordance with the provisions of this chapter."

And Code § 321.493, dealing with liability in connection with negligent operation of a motor vehicle says, to the extent here relevant:

"In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage."

The sole question instantly posed is whether that portion of Code § 321.45, quoted above, precludes recovery by insured-bailee from defendant-insurer.

█ I. Our review is not de novo. And as this court said in Johnson v. Johnson, 174 N.W.2d 444, 445 (Iowa):

"Findings of fact by trial court have the effect of a jury verdict. Furthermore the record will be viewed in that light most favorable to the judgment, and if supported by substantial evidence it will not be disturbed on appeal. This does not, however, exclude inquiry as to whether trial court erred in the admission of evidence or application of erroneous rules of law which materially affected the decision. Rule 344(a) (3), R.C. P.; Christensen v. Miller, Iowa, 160 N.W.2d 509, 511; Hamilton v. Wosepka, Iowa, 154 N.W.2d 164, 166; Morris Plan Leasing Co. v. Bingham Feed and Grain Co., 259 Iowa 404, 413, 143 N.W. 2d 404; and McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130." See Iowa R.Civ.P. 334.

II. The issue presented, *supra*, inceptionally necessitates a consideration of some underlying principles.

It is evident we are here concerned with automobile collision as opposed to liability insurance.

█ In that regard liability coverage ordinarily protects an insured against loss and injury to others resulting from use of a vehicle designated in the policy, for which the insured may be liable. On the other hand collision insurance ordinarily provides protection to an insured against loss or injury to a vehicle described in the policy as a result of contact with another object. See Code § 515.48(5) (e) (f); Zieman v. United States Fidelity & Guaranty Co., 214 Iowa 468, 472–473, 238 N.W. 100; Ohio Farmers Insurance Company v. Lantz, 246 F.2d 182, 185 (7th Cir.); Ohio Casualty Ins. Co. v. Beckwith, 74 F.2d 75, 77 (5th Cir.); Western Casualty and Surety Company v. Herman, 209 F.Supp. 94, 97 (E.D. Mo.E.D.); 7 Am.Jur.2d, Automobile Insurance, §§ 59, 80; 44 C.J.S. Insurance §§ 7, 24.

III. Mindful of the foregoing we turn now to the matter of insurable rights.

■ Unquestionably an insurable interest is essential to the validity of a policy regardless of its subject matter. In the absence of such interest, legal, equitable or real, in the thing or right insured the policy of coverage is nothing more than a mere wager, therefore void *ab initio*. This rule is particularly applicable with regard to property insurance. See McWilliams v. Farm and City Mutual Insurance Ass'n, 248 Iowa 233, 235–236, 80 N.W.2d 320; Zieman v. United States Fidelity & Guaranty Co., 214 Iowa 468, 472–473, 238 N.W. 100; Hessen v. Iowa Auto. Mut. Ins. Co., 195 Iowa 141, 142–143, 190 N.W. 150; 7 Blashfield, Automobile Law and Practice, §§ 291.3, 291.4 (3rd ed.); 4 Appleman, Insurance Law and Practice, §§ 2121–2125 (rev. Vol. 4); Vance, Treatise on Insurance, § 28 (3rd ed.); 7 Am.Jur.2d, Automobile Insurance, §§ 11–12; 43 Am.Jur.2d, Insurance, §§ 460, 466; 44 C.J.S. Insurance § 175; Annot. 1 A.L.R.3d 1193. But see Annot. 33 A.L.R.3d 1417.

■■ IV. Regarding liability coverage under a motor vehicle policy it is generally understood the right by an insured to recover thereunder does not depend upon his or its being the holder of an equitable, legal or real interest in the property covered. This is because the risk or hazard insured against is loss and injury to others resulting from use of the covered vehicle. Thus, in the area of liability insurance a person or other legal entity has an unlimited insurable interest in his or its individual liability. See Ohio Farmers Insurance Company v. Lantz, 246 F.2d 182, 185 (7th Cir.); Western Casualty and Surety Company v. Herman, 209 F.Supp. 94, 97 (E.D.Mo. E.D.); Truck Ins. Exchange v. Hanson, 42 Wash.2d 256, 254 P.2d 494, 495–496; 7 Blashfield, Automobile Law and Practice, § 291.4 (3rd ed.); 7 Am.Jur.2d, Automobile Insurance, §§ 13, 80; 43 Am.Jur.2d, Insurance, § 529; 44 C.J.S. Insurance § 198; Annot. 1 A.L.R.3d 1193, 1195.

■ V. Distinguishably, it is generally essential to the validity of a policy insuring against damage to a motor vehicle by collision or other casualty that the person or entity to which it is issued have some interest in the *res*. See 7 Blashfield, Automobile Law and Practice, § 291.3 (3rd ed.); 7 Am.Jur.2d, Automobile Insurance, § 57; 44 C.J.S. Insurance § 177. See also Annot. 33 A.L.R.3d 1417.

■ VI. Without question delivery of the subject truck by bailor to bailee, on a trial basis with privilege of purchase, created a bailment for mutual benefit. See McGinness v. Gossman, 64 Wash.2d 363 391 P.2d 967, 969 (Wash.); Elliott on Bailments, § 23 (2d ed.); 8 Am.Jur.2d, Bailments, §§ 6, 10, 33; 8 C.J.S. Bailments §§ 3(4), 8a; accord, Maxwell Motor Sales Corp. v. Bankers Mortgage and Securities Co., 195 Iowa 384, 386–387, 192 N.W. 19.

■ This in turn means, absent a special contract, bailee was obligated to exercise ordinary care in use of the truck and stood liable to bailor for loss of or injury to the vehicle due to negligence of bailee, or its servants while acting in the regular course of their employment. See Naxera v. Wathan, 159 N.W.2d 513, 520 (Iowa), and citations; Hunter v. Ricke Bros., 127 Iowa 108, 110–111, 102 N.W. 826; Elliott on Bailments, § 16 (2d ed.); 8 Am.Jur.2d, Bailments, § 206; 8 C.J.S. Bailments § 27; cf. Hawkeye Specialty Co. v. Bendix Corp., 160 N.W.2d 341, 343 (Iowa); Buckey v. Indianhead Truck Line, Inc., 234 Minn. 379, 48 N.W.2d 534.

VII. The issue now to be resolved is whether bailee had a collision coverage insurable interest in the bailed vehicle.

As stated in Vance, Treatise on Insurance, § 29, page 161 (3rd ed.):

"A person has an insurable interest in property when he sustains such relations with respect to it that he has a reasonable expectation, resting upon a basis of legal right, of benefit to be derived from

its continued existence, or of loss or liability from its destruction. More specifically, an insurable interest exists in the following cases:

"* * *

"(c) When he possesses a qualified property or possessory right in the subject of the insurance, such as that of a bailee."

Then id, at pages 168–169, is this apt comment:

"A person having a 'qualified property' in chattels, entitling him to possession and the right of using or dealing with them in accordance with the terms of the bailment, has such an interest in the chattels as may be the subject of a valid contract of insurance. Such bailee may insure merely his interest in the chattels to protect himself against loss of the benefits to which he is entitled, or he may, and does more frequently, insure himself against the liability which he may incur upon the destruction of the chattels. In case of loss, the bailee, who has insured in his own name, may recover the full failure of the property, holding the excess above his interest in trust for the owners."

See Rogers v. Lumbermans Mutual Casualty Co., 271 Ala. 348, 124 So.2d 70, 75; Fenter v. General Accident Fire & Life Assur. Corp., 484 P.2d 310, 312–314 (Or.); Bird v. Central Manufacturers Mut. Ins. Co., 168 Or. 1, 120 P.2d 753, 755; 7 Blashfield, Automobile Law and Practice, § 291.3 (3rd ed.); 4 Appleman, Insurance Law and Practice, § 2211 (rev. Vol. 4); 43 Am.Jur. 2d, Insurance, § 469; 8 Am.Jur.2d, Bailments, § 125; 7 Am.Jur.2d, Automobile Insurance, §§ 11–12; 44 C.J.S. Insurance § 177; 8 C.J.S. Bailments § 23; cf. McWilliams v. Farm and City Mutual Insurance Ass'n., 248 Iowa 233, 235–236, 80 N.W.2d 320; Osborne v. Security Insurance Company, 155 Cal.App.2d 201, 318 P.2d 94; Skaff v. United States Fidelity & Guaranty Company, 215 So.2d 35 (Fla.App.); Rube

v. Pacific Insurance Company of New York, 131 So.2d 240 (La.App.); Lindner v. Hartford Fire Insurance Company, 58 Misc.2d 86, 294 N.Y.S.2d 422; Annot. 33 A.L.R.3d 1417.

■ In light of the foregoing we now hold plaintiff-bailee, at all times here concerned, held a legally recognizable collision insurable interest in the subject truck.

VIII. But the foregoing is not alone dispositive of this appeal.

As heretofore disclosed trial court held Code § 321.45(2) (d), quoted above, barred bailee's right of collision coverage recovery under the policy issued it by defendant-insurer.

More specifically the court predicated its holding upon subsection (d) of the aforesaid statute which, at cost of repetition, provides in relevant part:

"Except in the above enumerated cases, no court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to any vehicle subject to registration *sold or disposed of, or mortgaged or encumbered*, unless evidenced by a certificate of title * * * duly issued or assigned in accordance with the provisions of this chapter." (Italics supplied).

We are satisfied the italicized portion of this statutory enactment points up the error inherent in trial court's holding.

■ As here employed "sold" implies the passing of absolute title, and "disposed of" means to get rid of, alienate, give, or bargain away as by selling. See Code § 4.1(2); Varvaris v. Varvaris, 255 Iowa 800, 803, 124 N.W.2d 163; Carpenter v. Lothringer, 224 Iowa 439, 448, 275 N.W. 98; Ironside v. Ironside, 150 Iowa 628, 632, 130 N.W. 414; Black's Law Dictionary, "Sale", page 1503 (rev. 4th ed.), id. "Dispose of", page 557.

Furthermore, "mortgage", as the word is here used, more accurately denominated "chattel mortgage", means a conveyance from mortgagor to mortgagee of the title to personalty, subject to defeasance on payment by mortgagee of the mortgage debt. See Code §§ 4.1(2), 321.50; In re Nassau Press, Inc., 259 F.Supp. 666, 668 (E.D. N.Y.); Phifer v. Gulf Oil Corporation, 218 Tenn. 163, 401 S.W.2d 782, 784; Black's Law Dictionary, "Chattel Mortgage", page 300 (rev. 4th ed.).

And "encumbrance" includes any formal lien not ordinarily classified as a chattel mortgage. See Code §§ 4.1(2), 321.50; Blackard v. City National Bank, 142 F. Supp. 753, 756–757, 16 Alaska 344 (D. Alaska, Third D.); Justice v. Bussard, 65 Ohio Law Abst. 461, 51 Ohio O. 78, 114 N.E.2d 305, 308.

■■■■ Conversely a bailment denotes delivery of personalty by one person to another, for a specific purpose beneficial to bailee or bailor or both, upon a contract, express or implied, that the conditions shall be faithfully executed and the personalty returned to bailor, or duly accounted for when the specific purpose of the bailment shall have been accomplished, or kept by the bailee until claimed by the bailor. And a bailee does not, by reason of that relationship alone, acquire any title or interest in the bailor's property. See Code § 4.1(2); Cattle Owners Corporation v. Arkin, 252 F.Supp. 34, 47 (S.D.Iowa C.D.); Elliott on Bailments, §§ 1, 2 (2d ed.); 8 Am.Jur.2d, Bailments, § 66; 8 C.J.S. Bailments § 20; Black's Law Dictionary, "Bailment", page 179 (rev. 4th ed.).

IX. Moreover, in Northern Insurance Co. v. Miller, 256 Iowa 764, 129 N.W.2d 28, this court was called upon to determine the purpose of Code § 321.45(2), and said, loc. cit., 256 Iowa 768, 129 N.W.2d 30:

"An article in 1953 issue of Drake Law Review, Professor Hudson stated:

" 'By action of the 55th General Assembly, Iowa has joined the states with comprehensive motor vehicle certificate of title laws. This has been accomplished by amendments to specific sections of Chapter 321, Code of Iowa (1950). The net result is to give Iowa a certificate of title law substantially like those of Ohio and Nebraska. *It is assumed that the purpose of the change from the existing registration system to a certificate of title laws system was to prevent theft of motor vehicles.* The explanation attached to H.F. 260, 55th General Assembly (a bill identical with S.F. 181), states that the bill is designed to benefit the motor vehicle owner. * * *

" *'However, the essential feature of the system is that the certificate of title issued for each motor vehicle* and other vehicles subject to registration *will be a part of a chain of title,* as certificates are assigned and new certificates issued. *It is designed to show ownership interests and incumbrances on the title certificate.'* " (Emphasis supplied)

See also Blackard v. City National Bank, 142 F.Supp. 753, 756, 16 Alaska 344 (D. Alaska, Third D.); 42 Iowa L.Rev. 72.

■■■ We are satisfied Code § 321.45(2) (d), in its entirety, when read in light of other related statutes, reveals a general legislative purpose to thereby provide, with some specified exceptions, an exclusive means *by which to establish motor vehicle ownership and effect transfer of title thereto.* Durant-Wilton Motors, Inc. v. Tiffin Fire Ass'n., 164 N.W.2d 829, 831 (Iowa); Calhoun v. Farm Bureau Mutual Ins. Co., 255 Iowa 1375, 1378, 125 N.W.2d 121.

Consequently the law of bailment, standing alone, has been neither disturbed nor abrogated by the aforesaid statute. Schoenmeyer v. Zahl, 97 Ohio App. 434, 120 N.E. 2d 150, 152–153; see Calhoun v. Farm

Bureau Mutual Ins. Co., *supra*, 255 Iowa at 1384, 125 N.W.2d at 126.

Any other result would require the improper reading of words and meaning into Code § 321.45(2) (d) not there clearly expressed or reasonably implied. See Iowa R.Civ.P. 344(f) (13); Wendelin v. Russell, 259 Iowa 1152, 1157, 147 N.W.2d 188, and citations.

We therefore conclude bailee, at all times here concerned, held a collision insurable interest in the subject truck unaffected by that statute last above cited.

By reason thereof we now hold, trial court instantly applied an erroneous rule of law which materially affected its decision. This constitutes reversible error.

X. But insurer contends Calhoun v. Farm Bureau Mutual Ins. Co., *supra*, dictates a result contrary to that instantly reached. We do not agree. In *Calhoun* this court held nothing more than that a title certificate holding motor vehicle owner had an enforceable collision insurable interest even though the vehicle was not in his possession. Nothing we say here today contravenes or overrules our opinion in *Calhoun* and it stands reaffirmed.

XI. Finally bailee after asserting one sole issue on appeal, argues trial court erred in not allowing it recovery of interest. We do not now resolve that problem. Any attempt to so do would, *inter alia*, amount to an interdicted advisory opinion. See Nitta v. Kuda, 249 Iowa 853, 858, 89 N.W.2d 149.

XII. This case must be reversed and remanded with instructions that the judgment heretofore entered be set aside, and for appropriate further proceedings.

Reversed and remanded with instructions.

All Justices concur.